564 A.2d 548

**PHILADELPHIA ELECTRIC COMPANY,
(PECO), Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD
(VONA), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 4, 1989.

Decided Sept. 28, 1989.

Petition for Allowance of Appeal
Granted June 20, 1990.

Vatche Kaloustian, Thomas F. McDevitt, P.C., Richard R. DiStefano, Philadelphia, for petitioner.

I. Michael Luber, Philadelphia, for respondent.

Before CRUMLISH, Jr., President Judge, COLINS, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

Philadelphia Electric Company (Employer) appeals the Workmen's Compensation Appeal Board's (Board's) decision affirming the reinstatement of John Vona's (Claimant's) benefits for an indefinite period. We affirm.

The facts as found by the referee are as follows. On August 25, 1975, Claimant suffered a work-related injury to his lower back while lifting a one hundred pound bag of sand in his capacity as a sand blaster. Accepting liability for the incident, Employer issued a notice of compensation payable to Claimant on September 11, 1975 at $171.00 per

week. With intermittent periods of partial and total disability, for which Claimant received appropriate compensation, he was able to perform light duty work for his Employer until December 5, 1981.

After one of Claimant's several recurrences of disability, he returned to work on September 21, 1981 as a watchman. The position involved walking the grounds every hour on the hour of an eight hour shift, lifting a bar on heavy iron gates and opening the gates hourly.

Evidence was presented at the hearing that Claimant had great difficulty performing his watchman job because the duties greatly exacerbated the pain in his lower back. Even though Claimant notified his supervisor and the company physician of his inability to perform the job due to pain, he continued to work in that capacity until December 5, 1981 when the pain became too severe.

The referee was persuaded by the testimony of Claimant's physician, Dr. Anthony LoBianco, who testified that Claimant's back condition no longer allowed him to continue as a night watchman. Conversely, Employer's evaluating physician, Dr. Leonard Klinghoffer, testified that there was no physical reason why Claimant could not perform his duties as watchman. In addition to Dr. Klinghoffer's testimony, the referee also chose to reject the testimony of William A. Campbell, Assistant Superintendent at the station where Claimant was working, whose testimony regarding Claimant's ability to perform his duties was the same as that of Employer's physician.

The referee concluded that Claimant had carried his burden of proving total disability and granted his petition for reinstatement of compensation as of December 14, 1981 when Employer stopped paying Claimant his full salary.

In finding that Claimant was totally disabled, the referee based his decision on Claimant's testimony and that of his physician. The Board affirmed the referee, based on his findings of fact. After reviewing the record, we agree.

There are two issues before this Court.[1] The first is whether the referee and the Board had the discretion to refuse to admit evidence of Claimant's conviction for possession of a controlled substance. The second is whether the referee's finding as affirmed by the Board of Claimant's total disability is supported by substantial evidence.

In regards to the first issue, Claimant contends that the referee correctly refused to admit evidence of his conviction because 1) his alleged conduct and guilty plea took place almost a year and a half after he testified, 2) only crimes involving dishonesty and false statements may be used to impeach and 3) the referee is not bound by the technical rules of evidence.[2] Employer argues that documentation of the conviction should have been admitted for impeachment purposes, as well as to show earned income.[3]

The applicable provision reads as follows: "Neither the Board nor any of its members nor any referee shall be bound by the common law or statutory rules of evidence in conducting any hearing or investigation, but all findings of fact shall be based upon sufficient competent evidence to justify the same." 77 P.S. § 834. Even though we have not interpreted this section to mean that quasi-judicial bod-

---

1. In addressing these issues, we note that this Court's scope of review is limited to determining whether an error of law was committed, constitutional rights were violated, or whether the Board's findings were supported by substantial evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagon of America)* 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

2. We will address only the latter of these three arguments because we find its resolution to be determinative.

3. Even though Employer asserts that records of Claimant's conviction should have been admitted in order to determine Claimant's earning capacity derived from illegal sources, it cites only Section 413 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 774, as support for this proposition. Also, Employer never established earnings from drugs, football pools or any other source alluded to in the record. Therefore, we need not address the issue of whether illegal earnings constitute "earnings" under the Act. Section 413 of the Act allows an employer to suspend payment of compensation when an employee *returns to work* at his prior or increased earnings. There was no evidence in this case that Claimant ever "returned to work," be it legitimate or illegitimate, or enjoyed earnings therefrom.

ies may arbitrarily disregard the rules of evidence,[4] this Court has found many times that the referee is the ultimate authority in regards to weight and credibility of evidence. *Action, Inc. v. Workmen's Compensation Appeal Board (Talerico)*, 116 Pa.Commonwealth Ct. 81, 540 A.2d 1377 (1988), *petition for allowance of appeal granted*, 521 Pa. 613, 557 A.2d 344 (1989); *Sledge v. Workmen's Compensation Appeal Board (Temple University)*, 78 Pa.Commonwealth Ct. 380, 467 A.2d 913 (1983); *Leonard v. Workmen's Compensation Appeal Board (Automotive Maintenance, Inc.)*, 61 Pa.Commonwealth Ct. 200, 433 A.2d 572 (1981).

■ In the *Leonard* case, we found that claimant's doctor, whose testimony was vital to demonstrate the cause of death, was not an incompetent witness because of his felony conviction for selling barbituates. Our rationale was that credibility, as affected by criminal convictions, and the weight to be accorded to testimony from someone with a criminal record, are within the referee's province.[5] *Id.*

■ Therefore, we find that the referee in his discretion did not err in refusing to admit evidence of Claimant's criminal conviction.

■ On the second issue, Claimant contends that the referee has the right to choose which expert to believe. We agree.[6] However, aside from the credibility issue, whether

4. We have found that just because a relaxation of the rules of evidence is statutorily permitted, compensation authorities may not circumscribe fundamental rights. *City of Pittsburgh v. Workmen's Compensation Appeal Board (Mary Alice Sherred),* 12 Pa.Commonwealth Ct. 246, 315 A.2d 901 (1974). Examples of such fundamental rights that may not be disregarded include rights to confront, cross-examine and refute witnesses. *Id.* This Court does not find that any fundamental rights have been violated in this case by the referee's refusal to admit documentation pertaining to Claimant's criminal conviction.

5. In the *Leonard* case, the doctor was a pivotal witness, since the claimant was deceased. Despite the doctor's conviction, we respected the referee's role as the ultimate factfinder and his finding as to the doctor's credibility. In this case, Claimant's testimony was bolstered by that of his physician.

6. If the referee finds one physician's testimony more credible than that of another, this Court must respect that determination. *Harkins*

Claimant's physician's testimony was unequivocal determines competency in this case. In light of its argument, Claimant seems to be confusing weight with competency. It is our role to review the testimony as a whole in order to determine whether or not Dr. LoBianco's testimony was unequivocal. Credibility is not our concern here.

Counsel for Employer contends that the testimony of Claimant's physician was equivocal because he was ignorant as to the exact requirements of the watchman job. However, there is no support in the record for that argument. Claimant's attorney read a description of the watchman's duties to Dr. LoBianco, the origin of which was Claimant's own deposition. Therefore, there is evidence in the record upon which Claimant's physician would have been able to base his opinion.

Because of our limited scope of review and our finding that a reasonable mind might have accepted the evidence which the referee relied upon in reaching his conclusion, we may not disturb the referee's findings, even though there is evidence to the contrary and even though we might have resolved the conflict differently. *Grabish v. Workmen's Compensation Appeal Board (Truform Foundations, Inc.)*, 70 Pa.Commonwealth Ct. 542, 453 A.2d 710 (1982), citing *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board (John Jakel)*, 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977).

Therefore, we find that the referee had discretion to refuse to admit evidence of Claimant's conviction, that the testimony of Claimant's physician was unequivocal and that the finding of total disability was supported by substantial evidence. For the reasons cited above, we affirm the Board.

COLINS, J., dissents.

*v. Workmen's Compensation Appeal Board (Gulf Oil Corp.)*, 98 Pa.Commonwealth Ct. 441, 511 A.2d 927 (1986).

## ORDER

AND NOW, this 28th day of September, 1989, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.