576 A.2d 1163

**Leo P. BOEHM, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (UNITED PARCEL SERVICES), Respondents.**

Commonwealth Court of Pennsylvania.

Argued Feb. 5, 1990.

Decided June 13, 1990.

456

George H. Hoffman, Pittsburgh, for petitioner.

Terry L.M. Bashline, Baginski & Bashline, Pittsburgh, for respondent, United Parcel Services.

Before McGINLEY and PELLEGRINI, JJ., and BARRY, Senior Judge.

McGINLEY, Judge.

Leo P. Boehm (Claimant) has filed a petition for review of an order of the Workmen's Compensation Appeal Board (Board), dated November 3, 1988, affirming the decision of the referee dated April 6, 1987. The referee found that Claimant was partially disabled from February 21, 1986

through June 10, 1986 and that this disability terminated on June 11, 1986. We reverse and remand.

Claimant suffered a compensable back injury on October 20, 1981 during the course of his employment as a driver for United Parcel Service (Employer). As a result, Claimant began receiving disability benefits pursuant to a notice of compensation payable. Subsequently, on March 17, 1983, Employer filed a petition for modification of compensation alleging that Claimant returned to light duty work on September 6, 1982. Employer also filed a petition for suspension of compensation on April 5, 1985 alleging that the medical bills of Erle M. Heath, M.D. were no longer reasonable or necessary.[1]

The referee found that, between December 23, 1982 and June 10, 1986, Claimant was able to perform light duty work and that, by June 11, 1986, Claimant had fully recovered and was able to resume his regular employment. Although Claimant returned to light duty work for Employer on several occasions, he has not engaged in such work since February 1, 1983. The referee found that, from February 2, 1983 through February 20, 1986, no work was available to Claimant which he was capable of performing within the limitations imposed by his injury. The referee further found that, on February 21, 1986, Employer offered Claimant light duty work which he was capable of performing but refused to accept.

The referee's decision treated Employer's March 17, 1983 petition as a petition for both modification and termination. Accordingly, the referee concluded that Claimant was partially disabled from February 21, 1986 through June 10, 1986 and that Claimant's disability terminated on June 11, 1986. The April 5, 1985 petition for suspension of compensation was amended to a petition for review. The referee granted this petition thereby authorizing Employer to cease

1. A second petition for suspension of compensation was filed on June 10, 1985 alleging that Claimant refused to appear for a medical examination. This petition was properly dismissed as moot after Claimant submitted to that examination.

paying the charges of Dr. Heath for treatment received after June 11, 1986. Claimant appealed to the Board which affirmed the referee. Claimant then filed the present petition for review with this Court.

Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether any finding of fact was not supported by substantial evidence. *Lawrence v. Workmen's Compensation Appeal Board (Commercial Lovelace Motor Freight, Inc./Banner Industries and Workers)*, 125 Pa.Commonwealth Ct. 701, 559 A.2d 67 (1989). We conclude that the referee erred when, after the close of hearings and the receipt of evidence, he decided, sua sponte, to consider Employer's petition for modification as a petition for both modification and termination and also when he authorized Employer to cease paying the charges of Dr. Heath as of June 11, 1986.

The Board, in affirming the referee, relied upon *Mangine v. Workmen's Compensation Appeal Board (Consolidated Coal Co.)*, 87 Pa.Commonwealth Ct. 543, 487 A.2d 1040 (1985), for the proposition that a workmen's compensation referee can grant whatever relief is appropriate regardless of the type of petition filed. However, in *Mangine*, we held that the referee properly denied the employee's request to amend his claim petition to assert an entirely different theory of recovery after the statute of limitations had run. We reasoned that allowing such an amendment would obviously prejudice the employer. Likewise, prejudice results when the referee terminates benefits even though termination is not requested by Employer and Claimant is denied any opportunity to object or prepare for such a result. Claimant had notice only of Employer's desire to change his status and not of any attempt to terminate benefits.

Nonetheless, Employer argues that neither claimants nor employers are bound by the form of the petition

when the facts warrant certain relief.[2] We disagree. The decisions of this Court have consistently held that, "the form of a petition filed is not controlling where the facts warrant *relief for a claimant.*" *Blue Bell Printing v. Workmen's Compensation Appeal Board (Montgomery Publishing Company and Lattanzi),* 115 Pa.Commonwealth Ct. 203, 208, 539 A.2d 933, 935 (1988), citing *Pittsburgh Press Company v. Workmen's Compensation Appeal Board (Pecora),* 82 Pa.Commonwealth Ct. 538, 475 A.2d 972 (1984) (emphasis added). To allow the referee to look beyond the pleadings and grant an unsolicited termination after the hearing is concluded circumvents the policy underlying The Pennsylvania Workmen's Compensation Act (Act).[3] That is, since the Act is remedial in nature and intended to benefit the worker, it must be liberally construed to effectuate its humanitarian objectives. *Krawchuk v. Philadelphia Electric Company,* 497 Pa. 115, 439 A.2d 627 (1981).

 Moreover, the referee is empowered to grant only such relief as the employer actually requests. The petition filed by Employer on March 17, 1983 merely sought a modification of benefits based upon the fact that, on September 6, 1982, Claimant had returned to light duty work at a reduced wage. Further, at the close of the hearing on January 26, 1987, counsel for Employer indicated that the only relief sought was modification.[4]

**2.** Employer cites *Mosgo v. Workmen's Compensation Appeal Board (Tri–Area Beverage, Inc.),* 84 Pa.Commonwealth Ct. 316, 480 A.2d 1285, n. 7 (1984), wherein we stated that, in workmen's compensation cases, a pleading presented under an inapplicable section will be deemed to have been presented under the correct section. *Mosgo* further indicated that this rule applies equally to both claimants and employer. *Mosgo* does not, however, provide support for the principle that neither claimants nor employers are bound by the form of the petition.

**3.** Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1—1031.

**4.** The following discussion occurred:

**MR. HOFFMAN:** Do I have an understanding from the employer that this case has resolved itself into a modification?

We also note that Employer could not have filed a petition for termination absent supporting medical evidence. Because Dr. Hayes' deposition contains the only medical evidence in support of termination and because he was not deposed until October 31, 1986, Employer could not have sought termination on March 17, 1983 when the petition for modification was filed. Presently, there exists no petition of record authorizing the referee to terminate Claimant's benefits.

 With regard to the referee's determination that Claimant was partially disabled from February 21, 1986 through June 10, 1986, Claimant contends that the referee made necessary findings of fact which are unsupported by substantial evidence. The referee made three relevant findings. First, the referee found that Claimant recovered sufficiently to perform light duty work on December 23, 1982.[5] This finding is substantiated by deposition testimony of Robert Baraff, M.D., and Dr. Baraff's medical report dated December 23, 1982. Similarly, the referee's finding that Claimant had fully recovered as of June 11, 1986[6] is supported by the October 31, 1986 deposition testimony of James C. Hayes, M.D. Although Claimant offered his own medical evidence, the referee resolved this conflict in favor of Employer. Credibility determinations are within the exclusive province of the referee. *Lukens, Inc. v. Workmen's Compensation Appeal Board (Hasiey)*, 91 Pa.Commonwealth Ct. 55, 496 A.2d 895 (1985).

The third necessary finding made by the referee is that, on February 21, 1986, Employer offered Claimant light duty work which he was capable of performing but refused to accept.[7] This finding is substantiated by the testimony of

> **MR. KLUCHER:** Yes. That is what I believe is entered on the record in this case. It is a modification amongst the three petitions which were initially filed.
>
> Notes of Testimony, dated January 26, 1987, at 25.

5. Decision of Referee Francis Desimone, dated April 6, 1987 (Referee's Decision), Finding of Fact No. 12, at 4.

6. Referee's Decision, Finding of Fact No. 13, at 4.

7. The referee found as follows:

Employer's safety manager, Paul Dunn, and Mr. Dunn's letter to Claimant dated February 21, 1986. The referee also heard Claimant's testimony as to why, despite the offer made by Mr. Dunn, there was actually no work available which Claimant could perform. The referee chose to accept the testimony of Mr. Dunn and reject the explanation offered by Claimant. Again, this is a credibility determination which is within the exclusive province of the referee.

Claimant contends that the referee erred by excluding the testimony of Tim Counahan, a former fellow employee, who also sustained a work-related injury while in the course of his employment and who was advised by Employer that there were no light duty jobs available for him. The referee did not err by excluding this testimony. It has no relevancy to the present controversy where the only question is whether suitable work was offered to Claimant. Furthermore, Mr. Dunn, in his deposition, explained that Mr. Counahan's employment situation differed from Claimant's because Claimant had greater seniority and was assigned to another facility.

■ Finally, the referee found that the treatment of Claimant by Dr. Heath after June 11, 1986 was neither

14. The claimant on February 21, 1986 was offered light duty work by the defendant which he was able to perform within the limitations imposed upon him by his compensable injury. This light duty work as a driver delivering packages which would weigh less than twenty pounds, for four hours each day of a five day work week. The pay rate for this job was $9.71 per hour and $194.20 per week.
15. On February 21, 1986 the defendant also offered work to the claimant as a porter for the remaining four hours of each work day. This portion of the work offered was later withdrawn by the defendant.
16. On October 27, 1986 the defendant renewed its offer to the claimant for work as a light duty driver for four hours each workday, and replaced its offer for work as a porter for the remaining four hours with an offer of other work as a driver-tracer, auditing records, and doing some additional delivery of packages weighing less than twenty pounds. The pay rate for both of these job offers was $9.71 per hour and $388.40 for a forty hour work week.
17. The claimant did not accept any of the job offers made by the defendant for work after he last worked on February 1, 1983.
Referee's Decision, Finding of Fact Nos. 14—17, at 4.

reasonable nor necessary. In so doing, the referee accepted the testimony of Dr. Hayes and rejected the testimony of Dr. Heath.[8] As noted above, credibility determinations are within the exclusive province of the referee. However, the referee cannot retroactively authorize Employer to cease paying the charges of Dr. Heath. Because Section 306(f) of the Act, 77 P.S. § 531(2)(ii), requires Employer to pay all medical bills incurred during the pendency of its petition for review, the referee can only determine that future medical bills need not be compensated.

Although the referee erred by treating Employer's petition for modification as a petition for termination, there is substantial evidence to support his findings that Employer offered Claimant work which he was capable of performing within the limitations imposed by his injury and which he refused to accept. Because Claimant refused to accept the work, he is entitled to receive compensation benefits for partial disability only, based upon the difference between his pre-injury wages and his earning power thereafter. Section 306(b) of the Act, 77 P.S. § 512. Further, the referee cannot authorize Employer to cease paying the charges of Dr. Heath prior to the date of the referee's decision. Accordingly, we remand this matter to the Board for a determination consistent with this opinion.

## ORDER

AND NOW, this 13th day of June, 1990, we reverse the order of the Workmen's Compensation Appeal Board dated November 3, 1988, affirming the decision of the referee, dated April 6, 1987, which terminated the benefits of Leo P. Boehm as of June 11, 1986. We hereby remand this matter to the Board for a determination consistent with this opinion.

Jurisdiction relinquished.

CRUMLISH, former President Judge, did not participate in the decision in this case.

8. Referee's Decision, Finding of Fact No. 21, at 5.