591 A.2d 347

**Richard COOVER, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (BROWNING–FERRIS INDUSTRIES OF DELAWARE VALLEY), Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 4, 1991.
Decided May 13, 1991.

David M. Jakobi, Paoli, for petitioner.

Christopher H. Wright, Bala Cynwyd, for respondent.

Before COLINS and McGINLEY, JJ., and SILVESTRI, Senior Judge.

COLINS, Judge.

Richard Coover (claimant) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) affirming a decision of the referee to terminate claimant's benefits pursuant to a Petition for Modification/Suspension filed by Browning–Ferris Industries of Delaware Valley (employer).

Claimant injured his back on February 1, 1985, while in the course and scope of his employment with employer. He applied for and received workmen's compensation pursuant to a Notice of Compensation Payable. Claimant was hospitalized for back treatment on February 6, 1985, and was again hospitalized for back surgery from February 25 to March 15, 1985. Claimant's doctor, Richard G. Traiman, M.D., released him to return to work on April 22, 1985. However, prior to any job being made available to claimant, he was again hospitalized for back problems from May 6 through May 23, 1985, as a result of his slipping on the stairs. On May 25, 1985, claimant entered the hospital for back treatment and remained until June 4, 1985.

Claimant testified that in July of 1985, Dr. Traiman released him to return to light duty work as soon as he felt up to it. Employer offered light duty work to claimant in October, 1985 at his previous rate of pay; however, claimant testified that he did not accept the offer. Dr. Traiman stated that he saw claimant again on October 28, 1985 and noted in his record that claimant "may return to work on November 14th." On November 4, 1985, prior to his returning to work, claimant was in Dr. Traiman's office as a result of his re-injuring his back while helping a friend move a television on November 2.

On December 18, 1985, employer filed a Petition for Suspension/Modification, alleging that claimant's condition improved and that he could return to light duty work. Employer also requested a supersedeas, which was denied. Claimant filed an answer, denying that his condition had improved and denying that he could return to work. Hearings were held during which claimant testified and presented deposition testimony of Dr. Traiman. Employer presented deposition testimony of Gunter R. Haase, M.D.

Dr. Haase opined, based upon his examination of claimant, as well as his review of the medical reports and record, that subsequent to November, 1985, claimant's back problems were the result of the injury he sustained helping a friend move a television or a refrigerator.[1] Dr. Haase opined further that based upon his physical findings, claimant could return to some type of employment in the form of a "sedentary job or one that requires some getting up, some moving around." The referee resolved credibility in favor of employer's expert, Dr. Haase, and concluded that the facts supported a termination of claimant's benefits, even though employer never filed a petition for termination.

Claimant appealed to the Board, arguing that the referee erred in granting a termination of benefits when employer had not requested a termination, that the evidence did not support a termination, and that the referee erred in finding

1. Although Dr. Traiman states in his testimony that the object was a refrigerator, claimant maintains that it was a television.

that claimant was offered a job that he could physically perform. The Board affirmed the referee, concluding that because strict pleading is not required, the referee committed no error; that there was substantial, competent evidence to support the referee's determination that claimant had fully recovered; and that the issue of job availability then became moot. This appeal followed.

Claimant raises the following issues for our review: (1) whether the referee could sua sponte terminate benefits when employer had not requested a termination;[2] (2) whether the referee erred in granting a termination where there was no substantial evidence that claimant had fully recovered; (3) whether, in the event this Court determines that the referee erred in granting a termination, the evidence supports a suspension where no competent evidence was presented to show that claimant was offered a job within his capabilities and limitations; and, (4) whether the referee "erred as a matter of law by finding the employer's expert doctor's testimony and conclusions to be both credible and not credible at the same time." Our scope of review is limited to determining whether an error of law was committed, whether constitutional rights were violated or whether any finding of fact was not supported by substantial evidence. *Lawrence v. Workmen's Compensation Appeal Board (Commercial Lovelace Motor Freight, Inc./Banner Industries and Workers)*, 125 Pa.Commonwealth Ct. 701, 559 A.2d 67 (1989), *petitions for allowance of appeal denied*, 524 Pa. 631, 574 A.2d 72, 524 Pa. 634, 574 A.2d 74 (1990).

Claimant relies on this Court's decision in *Boehm v. Workmen's Compensation Appeal Board (United Parcel Services)*, 133 Pa.Commonwealth Ct. 455, 576 A.2d 1163 (1990), in support of his argument that the referee did not have the power to sua sponte grant relief that was not

2. Employer does not contest claimant's assertion that he first became aware that employer was seeking a termination when he received a copy of employer's proposed findings of fact and conclusions of law, on the same day that he received the referee's decision.

requested by employer. Employer counters that strictness of pleading is not required in workmen's compensation cases and that the referee has the authority to grant whatever relief is warranted by the facts in the case. In support thereof, employer cites to three workmen's compensation cases,[3] all of which stand for the established rule that a pleading presented under an inapplicable section of The Pennsylvania Workmen's Compensation Act (Act)[4] will be deemed to have been presented under the correct section. Employer submits that this Court's holding in *Boehm* is contrary to its holding in *Bell Telephone Co. of Pennsylvania v. Workmen's Compensation Appeal Board (Rothenbach, Jr.)*, 98 Pa.Commonwealth Ct. 332, 511 A.2d 261 (1986) and is contrary to the clear language of Section 413 of the Act, 77 P.S. § 772.

In *Bell*, the claimant was receiving benefits pursuant to a Notice of Compensation Payable for a work-related back injury he sustained on June 6, 1980. The claimant returned to work on September 1, 1980, at his former salary with no loss of earning power. On August 19, 1981, the claimant had back pain when he awoke and was unable to get out of bed. He did not work from August 19, 1981, through August 8, 1982. On June 1, 1982, the claimant filed a reinstatement petition alleging a recurrence of his June 6, 1980 work-related injury, as of August 19, 1981. His reinstatement petition was later amended to a petition to review the Notice of Compensation Payable, to which the employer filed an answer. The referee found that the claimant failed to establish a nexus between the August 19, 1981 incident and his prior work-related injury of June 6, 1980. The referee dismissed the petition to review and *terminated* the Notice of Compensation Payable as of September 1, 1980, the claimant's return to work date. On appeal, the Board

---

3. *City Welding and Manufacturing Co. v. Workmen's Compensation Appeal Board (Williams)*, 105 Pa.Commonwealth Ct. 572, 525 A.2d 21 (1987); *Dunmore School Dist. v. Workmen's Compensation Appeal Board (Lorusso)*, 89 Pa.Commonwealth Ct. 368, 492 A.2d 773 (1985); *Rose v. Horn & Hardart Baking Co.*, 214 Pa.Superior Ct. 56, 251 A.2d 721 (1969).

4. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031.

reversed, concluding that because the employer had not filed a petition to modify, suspend or terminate the Notice of Compensation Payable, the referee was without jurisdiction to rule on that agreement. Following the employer's appeal to this Court, we reversed, agreeing with the employer that the referee "should be able to treat [the employer's] answer to the claimant's June 1, 1982 petition as a Petition to Terminate." *Id.*, 98 Pa.Commonwealth Ct. at 335, 511 A.2d at 262.

*Bell* is factually distinguishable from the instant matter and lends no support to employer's argument. The claimant in *Bell* was seeking benefits for an alleged recurrence of disability and via the employer's answer to his petition, was put on notice that the employer was seeking to terminate the prior existing Notice of Compensation Payable. Accordingly, the claimant in *Bell* had ample opportunity to prepare and suffered no prejudice, which is not so in the matter now before us.

In *Boehm*, we stated that "[t]o allow the referee to look beyond the pleadings and grant an unsolicited termination after the hearing is concluded circumvents the policy underlying [the Act]." *Boehm*, 133 Pa.Commonwealth Ct. at 456, 576 A.2d at 1165. In pointing out that the claimant therein only had notice of the employer's desire to change his status and not of any attempt to terminate benefits, we further stated that "prejudice results when the referee terminates benefits even though termination is not requested by Employer and Claimant is denied any opportunity to object or prepare for such a result." *Id.*[5]

▪ Likewise, we can find no support for employer's argument under Section 413 of the Act. That section provides, in pertinent part, that:

**5.** Also therein, illustrating that this principle can work both ways, we cited to *Mangine v. Workmen's Compensation Appeal Board (Consolidated Coal Co.)*, 87 Pa.Commonwealth Ct. 543, 487 A.2d 1040 (1985), *overruled on other grounds,* 116 Pa.Commonwealth Ct. 527, 542 A.2d 616 (1988), wherein we held that the referee properly denied the claimant's request to amend his claim petition to assert an entirely different theory of recovery after the statute of limitations had run, because such an amendment would obviously have prejudiced the employer.

[a] referee designated by the department may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award of the department of its referee, upon petition filed by either party with the department, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or that the status of any dependent has changed.

77 P.S. § 772. We have consistently construed Section 413 to effectuate the principle that the form of the petition filed is not controlling where the facts justify relief *for a claimant*. *Boehm*. The Act is remedial in nature and is intended to benefit the worker. Accordingly, we must liberally construe the Act to effectuate those humanitarian objectives.

We conclude, in accordance with our decision in *Boehm*, that the referee erred in sua sponte terminating claimant's benefits when employer had not requested a termination prior to the close of the hearing process, thereby resulting in prejudice to claimant. Having thus concluded, we need not address claimant's second argument concerning whether the evidence supported a termination. Further, we decline to address claimant's argument of whether, in the alternative, there is competent, substantial evidence to support a suspension of benefits because of the absence of necessary findings to enable such a review.

Finally, claimant argues that the referee erred by finding the testimony of employer's expert, Dr. Haase, to be both credible and not credible at the same time. Claimant asserts that the referee's findings with respect to credibility are inconsistent and vague, in that they provide "absolutely no detail as to which testimony is unpersuasive." The relevant findings are as follows:

9. Dr. Gunter R. Haase, a board certified neurologist testified by deposition on August 30, 1988. Dr. Haase who examined the Claimant and reviewed numerous medical records for treatment of the Claimant testified that on or about October 28, 1985 Claimant had recovered from his injury of February 1, 1985 and that Claimant was able

to return to work. Dr. Haase testified that the cause of Claimant's back complaints subsequent to October 28, 1985 were attributable to his lifting a heavy object, either a television or refrigerator in November 1985. This Referee finds the testimony of Dr. Gunter Haase to be true, credible and worthy of belief.

10. I have reviewed the testimony of Dr. Richard Traiman and reject that which is unfavorable to Defendant as neither credible nor persuasive.

11. I have reviewed the testimony of Dr. Gunter Haase and reject that which is unfavorable to Defendant as neither credible nor persuasive.

It is well settled that in workmen's compensation cases, the referee is the ultimate factfinder. As such, it is the referee's province to determine questions of credibility, to resolve conflicting testimony, and to determine the weight to be given the evidence. He or she may accept or reject the testimony of any witness in whole or in part. *Ruhl v. Workmen's Compensation Appeal Board (Erie County Geriatric Center)*, 102 Pa.Commonwealth Ct. 374, 518 A.2d 345 (1986). Clearly, the referee could have been more specific as to which portions of the testimony of Drs. Traiman and Haase he found credible. Claimant cites to *USX Corporation v. Workmen's Compensation Appeal Board (Koteles)*, 133 Pa.Commonwealth Ct. 419, 576 A.2d 419 (1990), wherein we held that the referee's ultimate conclusion, based upon his finding credible portions of the testimony of both the employer's expert and the claimant's expert containing medical conclusions, was illogical and, therefore, in error. Where, as here, such an obviously flawed and illogical conclusion has not been shown, we will not disturb those findings.

In accordance with the foregoing opinion, this matter is remanded to the Board to be remanded to the referee to consider whether employer is entitled to a suspension or modification of benefits.

## ORDER

AND NOW, this 13th day of May, 1991, the Board's decision in the above-captioned matter is vacated and this matter is remanded to the Board to be remanded to the referee to consider whether employer is entitled to a modification or suspension of claimant's benefits.

Jurisdiction relinquished.