Michael ANZALDO, Petitioner,

v.

WORKMEN'S COMPENSATION AP-
PEAL BOARD (M & M RESTAURANT
SUPPLY CO.), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 23, 1995.

Decided Nov. 17, 1995.

John C. Jackson, for petitioner.

Martin J. Fallon, Jr., for respondent.

Before DOYLE and KELLEY, JJ., and NARICK, Senior Judge.

KELLEY, Judge.

Michael Anzaldo (claimant) appeals from an order of the Workmen's Compensation Appeal Board which (1) affirmed the referee's decision terminating claimant's benefits under The Pennsylvania Workmen's Compensation Act (Act)[1] as of March 12, 1991, and (2) dismissed claimant's petition for rehearing and/or remand. Claimant has also filed with this court a motion to suppress respondent's brief. We deny the motion to suppress respondent's brief and affirm the order of the board.

On November 21, 1988, claimant suffered an injury to his back and right leg while working for M & M Restaurant Supply Company (employer). On January 18, 1989, employer issued a notice of compensation payable pursuant to which claimant received $377.00 per week in workmen's compensation benefits based on an average weekly wage of $691.17.

On June 7, 1991, employer filed a petition for suspension of compensation (Petition) with the Bureau of Workers' Compensation alleging that claimant had recovered from his injury such that he was able to return to work without loss of wages as of March 12, 1991. Employer later amended its Petition to include a termination of benefits.[2] Several hearings on employer's Petition were held before a referee.

In support of its Petition, employer presented the testimony of Dr. Richard G. Schmidt who had examined claimant on several occasions since April 1989. The referee found credible Dr. Schmidt's testimony that claimant suffered a right hamstring pull as the result of a work-related accident on November 21, 1988. The referee stated that Dr. Schmidt's testimony was credible that claimant's disc herniation found at L4–5 and L5–S1 was not related to his November 21, 1988 work-related injury. The referee found credible and convincing Dr. Schmidt's opinion that, as of his examination of claimant on October 22, 1990, claimant had fully and completely recovered from his work-related injury. The referee also found credible Dr. Schmidt's testimony that, as of November 22, 1990, claimant was no longer in need of any medical treatment for his work-related injury.

Employer also presented a surveillance videotape in support of its Petition. The referee found that Kevin Moran, a private investigator, had conducted surveillance of claimant on July 19 and 20, 1991 and had been able to videotape claimant's activities on those days. The videotape showed claimant bending, lifting and picking vegetables and showed claimant loading bushels of vegetables onto the back of a truck. The referee found Moran and the videotape credible.

Based upon all of the evidence presented, the referee concluded that employer had met its burden of proving that claimant had fully recovered from his work-related injury and was no longer in need of any further medical attention for this injury as of March 12, 1991. Accordingly, the referee ordered that claimant's benefits be terminated as of March 12, 1991.

Claimant appealed the referee's decision to the board. Claimant also filed with the board a petition for rehearing and/or remand. The board affirmed the referee's decision and dismissed claimant's petition for rehearing and/or remand. Claimant now appeals the board's determination to this court.[3]

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031.

2. We note that employer amended its Petition during the deposition of Dr. Richard G. Schmidt who testified on behalf of employer on January 2, 1992. Employer stated that it was amending its Petition to seek either termination of compensation as of March 12, 1991 or suspension of compensation as of March 12, 1991, whichever the referee believed was more appropriate under the circumstances. Notes of Testimony (N.T.) of Dr. Schmidt, January 2, 1992, p. 7.

3. This court's scope of review is limited to determining whether there has been a violation of constitutional rights, whether errors of law have been committed, whether there has been a violation of appeal board procedures, and whether necessary findings of fact are supported by sub-

## I. Motion to Suppress Respondent's Brief

We initially note that claimant has filed a motion to suppress employer's brief pursuant to Pennsylvania Rules of Appellate Procedure 2101 and 2117(b).[4] Claimant asserts that the Counterstatement of the Case contained in employer's brief contains argument in violation of Rule 2117(b) and, as such, does not represent a balanced presentation of the history of the proceedings and the respective contentions of the parties.

 We recognize that employer's Counterstatement of the Case does contain a substantial amount of argument. Rule 2117(b) requires a balanced synopsis of the proceedings of a case. Our review of the briefs of claimant and employer indicates that *both* parties have included argument in their statements of the case. We admonish counsel for both parties to comply with the rules of this court, but shall not, in this instance, penalize employer for its counsel's misconduct. Accordingly, claimant's motion to suppress employer's brief is denied.

## II. Merits

In this appeal, claimant raises the following issues: (1) whether employer properly amended its suspension petition to request a termination of claimant's benefits; (2) whether the admission of settlement negotiations into the record constitutes reversible error; (3) whether the failure to disclose surveillance evidence prior to using such evidence against claimant constitutes reversible error; and (4) whether the referee and the board addressed claimant's argument that the reports of employer's examining physicians indicated that claimant had not fully recovered from his work-related injury.

Claimant argues that employer only requested a suspension of claimant's benefits, not a termination. Claimant asserts that employer's counsel deliberately refrained from "amending" its Petition in open court before the referee and instead made this purported amendment in a medical deposition which the referee never had the opportunity to read until after the record in this case had been closed. Given such conduct by employer, claimant asserts that the referee's decision should be reversed.

 This court has consistently maintained that the rules governing pleadings in workmen's compensation cases do not mirror the Pennsylvania Rules of Civil Procedure and should be liberally construed. *Liberty Baking Company v. Workmen's Compensation Appeal Board,* 63 Pa.Cmwlth. 517, 439 A.2d 1276 (1981). Strictness of pleadings in workmen's compensation cases is not required. *Dunmore School District v. Workmen's Compensation Appeal Board (Lorusso),* 89 Pa.Cmwlth. 368, 492 A.2d 773 (1985). If one party effectively puts the adverse party on notice as to the theory of relief which it is seeking, the referee will be authorized to grant the relief requested. *St. Francis Hospital v. Workmen's Compensation Appeal Board (Kerr),* 156 Pa.Cmwlth. 605, 628 A.2d 920 (1993), *petition for allowance of appeal denied,* 537 Pa. 669, 644 A.2d 1205 (1994). Where an employer puts a claimant on notice that it is seeking a termination of claimant's disability benefits, the referee may properly terminate claimant's benefits. *Hutter v. Workmen's Compensation Appeal Board (Pittsburgh Aluminum Company),* 665 A.2d 554 (Pa.Cmwlth.1995). It is not necessary for the employer to file a formal termination petition. *Id.*

We recognize that in its Petition which was filed with the Bureau of Workers' Compensa-

---

stantial evidence. *Lehigh County Vo–Tech School v. Workmen's Compensation Appeal Board (Wolfe),* 539 Pa. 322, 652 A.2d 797 (1995).

4. Pa.R.A.P. 2101 states as follows:

Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant

and are substantial, the appeal or other matter may be quashed or dismissed.

Pa.R.A.P. 2117(b) states as follows:

The statement of the case shall not contain any argument. It is the responsibility of appellant to present in the statement of the case a balanced presentation of the history of the proceedings and the respective contentions of the parties.

tion on June 7, 1991, employer sought only suspension, not termination, of claimant's benefits. However, at the beginning of the deposition of Dr. Schmidt, which was held on January 2, 1992, employer offered an amendment to its Petition.[5] Employer stated that it was amending its Petition to seek either termination of claimant's compensation as of March 12, 1991 or suspension of claimant's compensation as of March 12, 1991, whichever the referee believed was more appropriate under the circumstances. We note that claimant's counsel was present at this deposition when employer amended its Petition.

Claimant relies upon *Boehm v. Workmen's Compensation Appeal Board (United Parcel Services)*, 133 Pa.Cmwlth. 455, 576 A.2d 1163 (1990) and *Coover v. Workmen's Compensation Appeal Board (Browning–Ferris Industries)*, 140 Pa.Cmwlth. 16, 591 A.2d 347 (1991) in support of his position that the referee should not have treated employer's Petition as one for termination of benefits. In *Boehm*, this court held that a referee may not *sua sponte* grant a termination of benefits where the employer only requested a modification. In that case, this court noted that "[t]o allow the referee to look behind the pleadings and grant an unsolicited termination after the hearing is concluded circumvents the policy underlying The Pennsylvania Workmen's Compensation Act.... Moreover, the referee is empowered to grant only such relief as the employer actually requests." *Boehm*, 576 A.2d at 1165.

Similarly, in *Coover*, this court held that where an employer had only petitioned for a suspension or modification of benefits, the referee could not *sua sponte* grant a termination. The underlying rationale for not allowing a referee to grant relief which an employer has not requested is that doing so is prejudicial to the claimant, who, never having been put on notice that the employer seeks such relief, has no opportunity to defend against it. *Foyle v. Workmen's Compensation Appeal Board (Liquid Carbonic I/M Corp.)*, 160 Pa.Cmwlth. 534, 635 A.2d 687 (1993), *petition for allowance of appeal denied*, 538 Pa. 660, 648 A.2d 791 (1994).

The present case is distinguishable from both *Boehm* and *Coover*. Here, the referee did not *sua sponte* terminate claimant's benefits. While employer had initially only requested a suspension of claimant's benefits, employer later orally amended its Petition to seek a termination of claimant's benefits. We reiterate that claimant's counsel was present at the deposition of Dr. Schmidt on January 2, 1992 when employer amended its Petition. Moreover, employer amended its Petition before claimant took the deposition of his own expert medical witness, Dr. Gary Neil Goldstein, on June 19, 1992. We note that the record in this case was not closed until October 20, 1992, over nine months after the employer had amended its Petition to seek a termination of claimant's benefits. Based upon our review of the record, we conclude that claimant was clearly put on notice, as of January 2, 1992, that employer was seeking to terminate his benefits, and he had adequate opportunity to present a defense to such termination.[6]

---

5. Pursuant to section 422 of the Act, 77 P.S. § 835, a deposition may be taken of any witness who is unable to testify before a referee or the board. Section 131.62 of the Special Rules of Administrative Practice and Procedure Before Referees, 34 Pa.Code § 131.62, provides that the oral deposition of a witness may be taken and used as evidence at hearings before a referee. Furthermore, oral depositions taken in accordance with section 131.62 of the Special Rules are admissible at the time of hearing in the same manner as if the deponent had appeared before the referee and testified. 34 Pa.Code § 131.66.

6. In a proceeding to terminate workmen's compensation benefits, the employer bears the burden of proving that the disability for which it has agreed to pay compensation has ceased. *Pistella*

*v. Workmen's Compensation Appeal Board (Samson Buick Body Shop)*, 159 Pa.Cmwlth. 342, 633 A.2d 230 (1993). The employer may meet this burden by presenting unequivocal and competent medical evidence that claimant has fully recovered from a work-related injury. *Koszowski v. Workmen's Compensation Appeal Board (Greyhound Lines, Inc.)*, 141 Pa.Cmwlth. 253, 595 A.2d 697 (1991). The determination as to whether testimony is equivocal is a question of law, subject to review by this court. *Lewis v. Commonwealth*, 508 Pa. 360, 498 A.2d 800 (1985). In conducting such a review, the medical witness's entire testimony must be taken as a whole, and a final decision should not rest upon a few words taken out of context. *Id.*

Claimant next asserts that Pennsylvania law generally follows Federal Rule of Evidence 408 [7] in holding that offers of settlement or compromise are not admissible at trial in order to prove the bias or prejudice of a witness.[8] Claimant argues that it was reversible error for employer to introduce into evidence before the referee claimant's settlement demands in an effort to attack the credibility of claimant.

■ Pursuant to section 422 of the Act, 77 P.S. § 834, the strict rules of evidence do not apply to workmen's compensation hearings. Section 422 of the Act states, in pertinent part, as follows:

Neither the board nor any of its members nor any referee shall be bound by the common law or statutory rules of evidence in conducting any hearing or investigation, but all findings of fact shall be based upon sufficient competent evidence to justify same.

■ This section of the Act permits an information gathering process which favors admitting all offered evidence into the record. *Kondrat v. Workmen's Compensation Appeal Board (Westinghouse Electric Corp.)*, 145 Pa.Cmwlth. 428, 603 A.2d 689 (1992), *petition for allowance of appeal denied*, 532 Pa. 648, 614 A.2d 1144 (1992). While this court has not interpreted section 422 of the Act to mean that quasi-judicial bodies may arbitrarily disregard the rules of evidence, this court has stated many times that the referee is the ultimate authority with respect to the weight and credibility of evidence. *Philadelphia Electric Company v. Work-men's Compensation Appeal Board (Vona)*, 129 Pa.Cmwlth. 6, 564 A.2d 548 (1989).

■ Given the liberal evidence provision of section 422 of the Act, we conclude that the referee was free to consider the letter written to employer's insurance company by claimant's counsel regarding claimant's settlement demands. It was then within the province of the referee to determine how much weight he should give to the letter in making his decision with respect to employer's Petition.

Claimant next asserts that employer's attorney behaved improperly when he did not provide claimant with surveillance evidence prior to using it against claimant. Claimant asserts that such conduct violated the Special Rules of Administrative Practice and Procedure Before Referees (Special Rules).

Pursuant to section 131.61(a) of the Special Rules, 34 Pa.Code § 131.61(a), parties in a workmen's compensation proceeding shall exchange all items and information, including tapes and films, to be used in or obtained for the purpose of prosecuting or defending a case, unless they are otherwise privileged or unavailable, whether or not intended to be used as evidence or exhibits. Section 131.61(b) of the Special Rules, 34 Pa.Code § 131.61(b), further states that these items and information shall be exchanged, to the extent practicable, prior to the first hearing actually held. The moving party shall provide these items and information to the responding party no later than the first hearing actually held. 34 Pa.Code § 131.61(b). Evidence not provided within the appropriate time period will not be admitted, relied upon

---

7. Federal Rule of Evidence 408 states as follows:

Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

8. Our Supreme Court has stated that the general rule is that an offer to compromise is not admissible in evidence at trial as an admission that what is offered is rightfully due or that liability exists. *Rochester Machine Corporation v. Mulach Steel Corporation*, 498 Pa. 545, 449 A.2d 1366 (1982). We note that Federal Rule of Evidence 408 clearly states that it does *not* require exclusion of evidence when the evidence is offered for another purpose, such as proving bias or prejudice of a witness.

or utilized in the proceedings or referee's rulings. 34 Pa.Code § 131.61(d).

Based upon our review of the record, we note that employer first made reference to its surveillance videotape during cross-examination of claimant at a hearing held before the referee on November 19, 1991. Reproduced Record (R.) at 83a. At that hearing, claimant's counsel objected to reference to the surveillance videotape because employer had never supplied it to claimant's counsel in accordance with section 131.61 of the Special Rules.[9] R. at 83a–87a.

■■■ We agree with claimant that employer violated section 131.61 of the Special Rules by not providing claimant with the surveillance videotape in a timely manner. Contrary to employer's assertions at the November 19, 1991 hearing, claimant was not obligated to request the videotape from employer. Rather, pursuant to section 131.61 of the Rules, employer had an obligation to provide claimant with the videotape prior to the first hearing before the referee.

While we do not condone employer's disregard for the Special Rules and conclude that the surveillance videotape was improperly admitted in this proceeding, we are nonetheless satisfied that, based upon the other evidence presented in this case, the referee's determination that claimant had fully recovered from his work-related injury as of March 21, 1991 should be affirmed. *See Lathilleurie v. Workmen's Compensation Appeal Board (Citgo)*, 660 A.2d 694 (Pa. Cmwlth.1995).

Dr. Schmidt opined that claimant had fully recovered from his work-related injury of November 21, 1988. Dr. Schmidt testified as follows:

Q. Doctor, based upon your multiple examinations of Mr. Anzaldo, do you have an opinion within reasonable medical certainty as to what type of injury was sustained by Mr. Anzaldo on November the 21st, 1988?

A. Yes.

Q. And what is your opinion, doctor?

A. My opinion is that he sustained a right hamstring pull in 1988.

Q. Now, doctor, with respect to the findings on MRI scan at the L4–5 and the L5–S1 level of disc herniation, in your opinion do those findings have any relationship to the occupational events of November the 21st, 1988?

A. No.

Q. And can you explain, doctor?

A. Yes. Well, first of all, his symptoms on exam were compatible with a hamstring pull. That diagnosis fits best the description of his symptoms and the findings on physical examination. Moreover, the MRI changes that we see on 4/7/89 are what we call degenerative changes. In other words, he's got some degenerative changes at the lower disc levels. And, typically, degenerative disc changes are associated with an element of a middle herniation of 4–5. Typically if someone sustains acute disc herniation it is a lateral, not a midline, disc herniation and it's not associated with degenerative changes.

So, given the MRI results of 4/7/89, I believe that the MRI findings are incidental and are simply associated with degenerative changes of the lumbar spine.

Q. Doctor, in your opinion and within reasonable medical certainty, do the findings of disc herniation seem [sic] on MRI scan have any relationship to the patient's subjective complaints?

A. No.

Q. Doctor, with respect to your objective physical examination of the patient conducted on October 22, 1990, were there any positive objective findings at all?

A. No.

Q. Doctor, based upon your expertise as a physician board certified in orthopedic surgery, as well as your medical examinations of the patient, do you have an opinion within reasonable medical certainty wheth-

9. We note that on July 20, 1991, claimant discovered that he was under surveillance and that his activities were being filmed. R. at 83a–85a. Claimant testified that he saw a car near where he had been picking tomatoes at his mother's farm and thought that somebody might have been taking pictures of him. R. at 85a. Claimant further testified that he thought he should let his lawyer know what activities he had been doing. *Id.*

er as of your examination of October 22, 1990, Mr. Anzaldo had achieved full and complete recovery from the occupational injury of 11/21/88?

A. Yes.

Q. What's your opinion, doctor?

A. That he had.

Q. Now, doctor, even if we accept as true the subjective complaints that Mr. Anzaldo offered to you on October 22, 1990, in your opinion and based upon his own subjective complaints, was he nonetheless capable of working?

A. Yes.

N.T. of Dr. Schmidt, January 2, 1992, pp. 18–20.

 The referee, as ultimate fact finder, found the testimony of Dr. Schmidt to be credible and convincing that claimant had fully and completely recovered from his work-related injury as of October 22, 1990. This court will not disturb those findings since we conclude, based upon our review of the record, that they are supported by substantial evidence.[10]

Dr. Schmidt based his medical opinion of claimant upon his own tests and examination of claimant, and not upon the surveillance videotape. As such, the testimony of Dr. Schmidt was sufficient to support a termination of claimant's benefits.

Claimant next asserts that the referee and the board never considered his evidence that he suffered from a work-related back injury. Claimant argues that the referee ignored reports from employer's physicians which stated that claimant had work-related lumbar disc injuries.

We reiterate that the referee, as fact finder, has exclusive province over questions of credibility and evidentiary weight. *Northeastern Hospital v. Workmen's Compensation Appeal Board (Turiano)*, 134 Pa. Cmwlth. 164, 578 A.2d 83 (1990). The referee is free to accept or reject the testimony of

any witness, including a medical witness, in whole or in part. *General Electric Co.*

In this case, the referee chose to rely upon the findings and the testimony of Dr. Schmidt, which the referee found to be credible and competent. It was clearly within the province of the referee to make such a determination and to ignore the reports of other physicians who had conflicting opinions. This court will not overrule the referee's determination since we have already concluded that it was based upon substantial evidence.

Accordingly, the order of the board is affirmed.

### ORDER

NOW, this 17th day of November, 1995, it is hereby ordered:

1. The motion to suppress respondent's brief, filed by Michael Anzaldo, is denied.

2. The order of the Workmen's Compensation Appeal Board, dated February 9, 1995, at No. A93–0953, is affirmed.

---

10. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Mrs. Smith's Frozen Foods Co. v. Workmen's Compensation Appeal Board (Clouser)*, 114 Pa.Cmwlth. 382, 539 A.2d 11 (1988). The referee is free to accept or reject the testimony of any witness, including a medical witness, in whole or in part. *General Electric Co. v. Workmen's Compensation Appeal Board (Valsamaki)*, 140 Pa.Cmwlth. 461, 593 A.2d 921 (1991), *petition for allowance of appeal denied*, 529 Pa. 626, 600 A.2d 541 (1991).