John ALMEIDA, Petitioner,

v.

## WORKERS' COMPENSATION APPEAL BOARD (HERMAN GOLDNER COMPANY), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 10, 2003.

Decided March 15, 2004.

Dina Brilliant, Newtown, for petitioner.

Mark T. Gallagher, Philadelphia, for respondent.

BEFORE: COLINS, President Judge, LEAVITT, J., and KELLEY, Senior Judge.

OPINION BY Judge LEAVITT.

John Almeida (Claimant) appeals from the adjudication of the Workers' Compensation Appeal Board (Board) affirming the decision of the Workers' Compensation Judge (WCJ). The WCJ granted Claimant's reinstatement and penalty petitions and dismissed two termination petitions filed by Herman Goldner Company Co. Inc. (Employer). In spite of prevailing on all four petitions, Claimant appealed, challenging a finding of fact made by the WCJ, which finding was affirmed by the Board.

Claimant was employed by Employer as a steam fitter, which job required going up and down scaffolds and ladders while carrying heavy parts that can weigh as much as 100 pounds. Reproduced Record 142a (R.R.——). On February 7, 2000, Claimant slipped on ice at the job site and injured his left buttock area and tail bone. Employer accepted liability for the injury, described in the Notice of Compensation Payable as a strain to his lower back.

On August 15, 2000, Claimant filed the first petition, a penalty petition alleging that Employer had illegally and unilateral-

ly suspended his workers' compensation benefits without an order, notification of suspension, supplemental agreement or a final receipt. On February 7, 2001, Claimant was examined by Employer's doctor. On February 9, 2001, Employer filed a termination petition, alleging that as of October 31, 2000, Claimant had returned to work at wages equal to or greater than his pre-injury wage. On March 2, 2001, Employer filed a second termination petition, alleging that Claimant had been found to be fully recovered as of February 7, 2001. Lastly, Claimant filed a reinstatement petition on April 2, 2001, alleging that although he had returned to work as of October 31, 2000, he earned less than his average weekly wage and was, therefore, entitled to partial disability benefits. All of these petitions were consolidated for disposition before the WCJ.

At a hearing before the WCJ, Employer presented the deposition testimony of David N. Bosacco, M.D., a board-certified orthopedic surgeon who examined Claimant on February 7, 2001, one year after Claimant's injury occurred. Dr. Bosacco testified that MRI tests performed on March 9, 2000 and on August 14, 2000, showed mild degenerative disc disease in Claimant's lower back, consistent with Claimant's complaints. Dr. Bosacco testified that Claimant had recovered fully from his original injury because the lumbar sprain that Claimant suffered will heal within six to twelve weeks. Thus, he concluded that Claimant's symptoms were related to his mild degenerative disc disease, not to the lumbar sprain experienced on February 7, 2000.

Claimant presented the deposition testimony of his treating physician, Gene Z. Salkind, M.D., a board-certified neurosurgeon. Dr. Salkind reviewed Claimant's March 9, 2000 MRI and other records. He opined that Claimant's "condition was probably due to an L4–5 disc herniation, secondary to his work related injury." R.R. 86a–87a. Dr. Salkind concluded that Claimant had improved through various treatments but was still symptomatic and not fully recovered.

Following the presentation of all evidence, the WCJ stated in Finding of Fact No. 9,

> The undersigned has carefully and thoroughly reviewed the testimony of Dr. Bosacco and Dr. Salkind and finds the testimony of Dr. Salkind more persuasive and more credible than that of Dr. Bosacco, *except for the diagnosis of a herniated disc which is unsupported by the objective evidence.* The undersigned rejects the testimony of Dr. Bosacco as he reports objective findings on examination which he attributes to Claimant's pre-existing condition. However, there is no evidence of any symptomatic pre-existing condition.

R.R. 173a–174a (emphasis added). The WCJ thereafter granted Claimant's penalty petition and reinstatement petition, awarding Claimant partial benefits for the time that he did not earn wages equal to his pre-injury wages. The WCJ denied Employer's termination petitions, concluding that Claimant had not fully recovered; she did, however, modify and suspend benefits based upon Claimant's return to work.

Claimant prevailed on all petitions, but he appealed in order to challenge the WCJ's Finding No. 9 that Claimant did not have a herniated disc. Claimant contended that the issue of a herniated disc was not before the WCJ and, further, the finding was not supported by substantial evidence. The Board disagreed, noting that the testimony regarding whether or not Claimant had a herniated disc injury was "germane to the issue of a full recovery," an element of Employer's burden in seek-

ing termination of benefits. Opinion at 4, R.R. 183a. Thus, the Board concluded that the issue was properly before the WCJ. Further, the Board noted that a WCJ has complete authority over questions of credibility, conflicting medical evidence and evidentiary weight. The WCJ exercised this authority in rejecting Dr. Salkind's opinion that Claimant did not have a herniated disc. The Board affirmed the WCJ's decision.

On appeal to this Court, Claimant contends that the Board erred in affirming the WCJ. He asserts a finding on whether Claimant had a herniated disc was not germane to the issue of full recovery. In response, Employer requests this Court to dismiss Claimant's appeal because he was not aggrieved by the WCJ order, and, thus, has no standing to pursue an appeal either to the Board or to this Court. Employer further asserts that Claimant's appeal is without merit because the Board did not err in affirming the WCJ's finding of fact on whether Claimant had a herniated disc.

■■■ We address, first, the contention by Employer that Claimant lacks standing to bring this appeal. It is established in Pa. R.A.P. 501[1] and in Section 702 of the Administrative Agency Law[2] that only a person "aggrieved" by a decision has standing to appeal the tribunal's order. *ACS Enterprises, Inc. v. Norristown Borough Zoning Hearing Board*, 659 A.2d 651, 653 (Pa.Cmwlth.1995). The term "aggrieved" is not defined in the Administrative Agency Law, but the case law has established that one is "aggrieved" if one (a) has a substantial interest in the sub-ject-matter of the litigation; (b) the interest is direct; and (c) the interest is immediate and not a remote consequence. *Beers v. Unemployment Compensation Board of Review*, 534 Pa. 605, 611, 633 A.2d 1158, 1161 (1993); *Wm. Penn Parking Garage, Inc. v. City of Pittsburgh*, 464 Pa. 168, 346 A.2d 269 (1975). A party who has prevailed in a proceeding below is not an aggrieved party and, consequently, has no standing to appeal. *United Parcel Service, Inc. v. Pennsylvania Public Utility Commission*, 574 Pa. 304, 830 A.2d 941 (2003).

■ In spite of Claimant's objection to the WCJ's finding that Claimant did not suffer a disc herniation, the fact remains that Claimant can suffer no diminution in benefits unless subsequently altered by some further decision and order. It is an elementary rule of appellate practice that one does not appeal a finding of fact of a tribunal but, rather, the order of the tribunal. *Wright v. Workmen's Compensation Appeal Board (Adam's Mark Hotel)*, 163 Pa.Cmwlth. 172, 639 A.2d 1347, 1349 (1994). This principle is recited in several appellate rules. For example, Pa. R.A.P. 341(a)(emphasis added) states that an appeal may be taken as of right from any final *order* of an administrative agency or lower court. *See also* Pa. R.A.P. 108 (providing for determination of date of entry of an order); Pa. R.A.P. 301 (describing the requisites for an appealable order); Pa. R.A.P. 903 (requiring an appeal to be filed within 30 days after the entry of the order from which the appeal is taken). Claimant does not challenge an order, which is the proper basis for appellate review.

1. Pa. R.A.P. 501 provides in pertinent part that: "Except where the right of appeal is enlarged by statute, any party who is aggrieved by an appealable order ... may appeal therefrom."

2. The Administrative Agency Law at 2 Pa.C.S. § 702 provides in pertinent part that: "Any person aggrieved by an adjudication of a Commonwealth agency who has a direct interest in such adjudication shall have the right to appeal therefrom...."

Claimant, however, argues that he was "prejudiced" because he was not put on notice of the issue decided by the WCJ, *i.e.,* whether Claimant had a herniated disc. In support, he relies on *Boehm v. Workmen's Compensation Appeal Board (United Parcel Services),* 133 Pa.Cmwlth. 455, 576 A.2d 1163 (1990) and *Coover v. Workmen's Compensation Appeal Board (Browning–Ferris Industries of Delaware Valley),* 140 Pa.Cmwlth. 16, 591 A.2d 347 (1991).

In both *Boehm* and *Coover,* the employers had filed petitions for modification and suspension of benefits, and in each case the referee terminated benefits. We held that the referee lacked authority to treat an employer's modification petition as a petition for termination. Because each claimant had not been on notice of the termination issue, neither claimant had an opportunity to prepare a case, suffering prejudice as a consequence.[3]

*Boehm* and *Coover* are factually distinguishable from the instant matter. First, Claimant had notice that there were two termination petitions pending before the WCJ, and in fact, he presented medical testimony on the question of whether his disability had ceased.[4] Second, Claimant cannot claim prejudice or that he was not on notice of the question of the herniated disc diagnosis; it was Claimant's witness that presented the opinion that Claimant suffered the disc herniation. Finally, unlike the claimants in *Boehm* and *Coover,*

Claimant prevailed; there is, accordingly, no prejudice to be claimed by Claimant.

Neither *Boehm* nor *Coover* support Claimant's position that he has standing to appeal. Neither holding stands for the preposition that one can appeal a factual finding alone even though the appellant does not appeal the order resulting from that finding of fact. Indeed, Claimant offers no authority that a factual finding alone may be appealed.

For these reasons, Claimants appeal is dismissed.[5]

### ORDER

AND NOW, this 15th day of March, 2004 the appeal of John Almeida is hereby dismissed.

</div>

---

**3.** The Court noted that to allow the referee to look beyond the pleadings and grant an unsolicited termination would circumvent the humanitarian policy underlying the Workmen's Compensation Act, which is remedial and intended to benefit the worker. *Boehm,* 576 A.2d at 1165.

**4.** Claimant's reinstatement petition was filed to address the issue of whether he was entitled to partial disability payments because

although he had returned to work, there were at least three weeks when he earned less than his average weekly wage.

**5.** In any case, we agree with the Board that the WCJ's fact-finding was appropriate and, further, we cannot set aside the WCJ's factual finding on the herniated disc without invading the province of the WCJ to weigh the evidence and make credibility determinations.