Anthra Textile, Inc. et al., Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Bertha Ringes, Respondents.

Argued June 3, 1980, before President Judge CRUMLISH and Judges MENCER, ROGERS, BLATT, CRAIG, MACPHAIL and WILLIAMS, JR. Judge WILKINSON, JR. did not participate.

*Frank L. Tamulonis, Zimmerman, Lieberman & Derenzo,* for petitioners.

*Lawrence W. Dague,* with him *Sandra S. Christianson,* Assistant Attorney General and *Vatche Kaloustian,* Assistant Attorney General, for respondent, Workmen's Compensation Appeal Board.

*Eugene J. Mirarchi,* for respondent Bertha Ringes.

OPINION BY JUDGE ROGERS, July 29, 1980:

This is the appeal of Anthra Textile, Inc. and its insurer from the order of the Workmen's Compensation Appeal Board (Board) upholding a referee's award of compensation to Bertha Ringes, a former Anthra employee.

On February 20, 1974, Ms. Ringes, who was then not represented by counsel, filed a claim petition under the provisions of The Occupational Disease Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. §1201 et seq., for asserted total and permanent disability on account of byssinosis, sometimes called brown lung, contracted in the 45 years of work for various employers in the textile industry. The defendants in the proceedings were Anthra and the Commonwealth of Pennsylvania, the latter pursuant to Section 308 of The Occupational Disease Act, 77 P.S. §§1401(g) and 1408.

Several hearings were conducted by the referee from 1974 until 1977. At the fourth and last hearing on July 21, 1977, the referee, over timely objection by employer's counsel, allowed an amendment of the claim petition to one for benefits under The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq., instead of The Occupational Disease Act. The referee awarded Ms. Ringes compensation for total disability. He dismissed the Commonwealth as a party because only employers are obliged to pay compensation for disease when awarded under The Pennsylvania

Workmen's Compensation Act. Section 301(c) of The Pennsylvania Workmen's Compensation Act, 77 P.S. §411(2).

Anthra appealed to the Board contending, as it still does, that the amendment of the claim petition from one under The Occupational Disease Act to one under The Workmen's Compensation Act should not have been allowed because the effect was to give compensation for a claim barred by the limitation provided in Section 315 of The Pennsylvania Workmen's Compensation Act, 77 P.S. §602, which reads in pertinent part:

> In cases of personal injury all claims for compensation shall be forever barred, unless within three years after the injury, the parties shall have agreed upon the compensation payable under this article; or unless within three years after the injury, one of the parties shall have filed a petition as provided in article four hereof.

The Board dismissed the appeal.

Anthra argues that The Occupational Disease Act and The Workmen's Compensation Act are separate and distinct and that to allow a claim under the former to be amended to be a claim under the latter after the statute for bringing a claim under the latter has run is to entertain a new cause of action after it has been barred. We disagree.

Ms. Ringes' original filing under The Occupational Disease Act claiming total disability on account of byssinosis was clearly sufficient to put the defendants on notice as to the nature and circumstances of the claim; and the facts of the disability and the proof necessary to sustain the claim were the same, whether it was to be considered under The Occupational Disease Act or The Workmen's Compensation Act. The purpose of the time limitation for filing claims is to

enable defendants to know the period during which they may be required to respond. That purpose was surely served in this case. These and other relevant considerations are fully explained by Judge Craig in the case, identical on this issue, of *Findlay Refractories v. Workmen's Compensation Appeal Board*, 52 Pa. Commonwealth Ct. 454, 416 A.2d 1172 (1980) and nothing further needs to be written here.

ORDER

AND Now, this 29th day of July, 1980, the order of The Workmen's Compensation Appeal Board is affirmed and judgment is entered in favor of Bertha Ringes against Anthra Textile, Inc. and its insurance carrier, due in the amount of $61.96 per week from May 6, 1974 and continuing in the future within the limitation of The Workmen's Compensation Act for so long as claimant's disability shall continue.

Counsel fees in the amount of $250.00 are to be paid out of the award to claimant's attorney, Eugene J. Mirarchi. The balance is to be paid and mailed directly to the claimant.

Judges MENCER and MACPHAIL dissent.