Alan Wood Steel Company and Employers Insurance of Wausau, Petitioners *v.* Workmen's Compensation Appeal Board (Eva M. Adams, Widow of William K.), Respondents.

Submitted on briefs April 4, 1983, to Judges Rogers, Williams, Jr. and Barbieri, sitting as a panel of three.

*James K. Martin,* with him *John J. Marquess,* for petitioners.

No appearance for respondents.

OPINION BY JUDGE ROGERS, May 10, 1983:
This is an appeal from an order of the Workmen's Compensation Appeal Board remanding the case to the referee for further fact finding.

The claimant appealed to the board from the referee's decision dismissing her Fatal Claim Petition. This decision, although mailed to the parties on November 16, 1978, was not appealed to the board within the required twenty days. The appeal was not filed until July 28, 1979. The employer therefore moved to quash the appeal as untimely. The board agreed that it was untimely, but noted that there was a disposition among the board members to remand to determine what circumstances led to the long delay. Accordingly they ordered the record remanded to the referee for further findings of fact. The employer then appealed that order to this Court; the claimant contends that this was an interlocutory order. We agree, and hereby quash the appeal.

It has long been the law that an order of the board remanding a case to a referee is considered interlocutory and therefore unappealable. *Harris v. No. 1 Contracting Corporation of Delaware,* 215 Pa. Superior Ct. 524, 258 A.2d 663 (1969). Although exceptions to this rule previously existed, ''our experience has been that the existence of the exceptions has

been counterproductive. . . . [A] remand order of the Board is interlocutory and unappealable as a matter of right, without exception.'' *Murhon v. Workmen's Compensation Appeal Board,* 51 Pa. Commonwealth Ct. 214, 217, 414 A.2d 161, 163 (1980).

Appeal quashed.

ORDER

AND Now, this 10th day of May, 1983, the appeal in the above captioned matter is hereby quashed.