Tony Mangine, Petitioner *v.* Workmen's Compensation Appeal Board (Consolidated Coal Company), Respondents.

Submitted on briefs November 16, 1984, to Judges MacPhail, Doyle and Palladino, sitting as a panel of three.

*Jerome W. Kiger, Grogan, Graffam, McGinley, Solomon & Luccrino,* for petitioner.

*George Stipanovich, Strassburger, McKenna, Messer, Shilobod & Gutnick,* for respondent, Consolidated Coal Company.

OPINION BY JUDGE MacPhail, February 13, 1985:

This is the appeal of Tony Mangine (Appellant) from the order of the Workmen's Compensation Appeal Board (Board) quashing Appellant's appeal and remanding the case to the referee.

On November 21, 1980, Appellant filed a claim petition under Section 108, the occupational disease section, of The Pennsylvania Workmen's Compensation Act, (Act) Act of June 2, 1915, P.L. 736, *as amended,* added by Act of October 17, 1972, P.L. 930, 77 P.S. §27.1, alleging total disability due to pneumoconiosis and/or anthracosilicosis (commonly known as black lung disease) and their sequelae contracted in the 43

years he worked as a coal miner. At a hearing held on September 22, 1982, Appellant orally moved to be allowed to amend his claim petition to assert that his disability resulted from a heart attack suffered at work on November 22, 1977. The referee denied Appellant's motion to amend, and directed the Appellant to proceed with his original claim. Appellant appealed from that order to the Board. The Board quashed the appeal and remanded the case to the referee for proceedings on the merits. This appeal followed.

The Board concluded that the order of the referee denying the amendment was interlocutory and therefore unappealable. The Board also held that the referee correctly decided that the amendment of the claim petition should not be allowed because its effect would be to permit Appellant to assert a new cause of action after the expiration of the statute of limitations provided in Secion 315 of the Act, 77 P.S. §602.

An order of the Board remanding a case to a referee is generally considered interlocutory and therefore unappealable. *Murhon v. Workmen's Compensation Appeal Board,* 51 Pa. Commonwealth Ct. 214, 414 A.2d 161 (1980). Although exceptions to this rule previously existed,[1] this Court has since held that the existence of the exceptions was "counterproductive. . . . [A] remand order of the Board is interlocutory and unappealable as a matter of right, without exception." *Alan Wood Steel Co. v. Workmen's Compensation Appeal Board (Adams),* 74 Pa. Commonwealth Ct. 230, 231-32, 459 A.2d 887, 887 (1983), quoting

---

[1] The three exceptions to the general rule that an appeal of a remand order should be granted were: 1) the appeal to the Board resulting in remand was untimely, 2) the remand, based on the record before the Board, could not produce a different result, or 3) the Board's action in granting the remand was based on clear error of law. *Murhon.*

*Murhon.* The Board's order on its face would appear to be interlocutory and consequently subject to the *Murhon* rule, but it is our opinion that the effect of the Board's remand is to put Appellant out of court on the issue of his alleged heart attack disability. We are of the opinion, therefore, that the referee's order was a final order subject to the Board's review and that the Board's order is likewise now subject to our review.[2] *See H.B. Sproul Construction Company v. Workmen's Compensation Appeal Board,* 60 Pa. Commonwealth Ct. 413, 431 A.2d 1143 (1981).

As to the Board's contention that the motion to amend was time barred,[3] we agree. In *Findlay Refractories v. Workmen's Compensation Appeal Board,* 52 Pa. Commonwealth Ct. 454, 415 A.2d 1270 (1980) and *Anthra Textile, Inc. v. Workmen's Compensation Appeal Board,* 53 Pa. Commonwealth Ct. 294, 416 A. 2d 1172 (1980), we held that "the statute of limitations would not apply to the amendment of a claim brought under [T]he Occupational Disease Act to one under [T]he [Pennsylvania] Workmen's Compensation Act in *any* event, and hence, would not bar the instant claim even if time had expired under [The Pennsylvania Workmen's Compensation Act]. . . ." (emphasis in original) (citation omitted). In *Findlay,*

---

[2] "An order is interlocutory and not final unless it effectively puts the [party] 'out of court'. . . . An order does not put 'a party out of court' unless it precludes proof of facts at trial. . . ." *Hallstead Foundry v. Workmen's Compensation Appeal Board,* 66 Pa. Commonwealth Ct. 445, 447, 445 A.2d 254, 255 (1982). (Citation omitted.)

[3] Section 315 of The Pennsylvania Workmen's Compensation Act, 77 P.S. §602 provides in pertinent part that:

In cases of personal injury all claims for compensation shall be forever barred, . . . unless within three years after the injury, one of the parties shall have filed a petition as provided in article four hereof.

claimant filed a petition under The Occupational Disease Act, Act of June 21, 1939, P.L. 566, *as amended,* §§1201-1603 claiming total disability due to silicosis, and later amended the original petition to proceed under the Act again alleging total disability due to silicosis. Reasoning that "because the facts of the disability underlying this case and the proof necessary to sustain this claim are the same, whether the claim is considered under [The Occupational] Disease Act or [The Pennsylvania Workmen's] Compensation Act," we allowed the amendment. *Findlay,* 52 Pa. Commonwealth Ct. at 460, 415 A.2d at 1273. Similarly, in *Anthra Textile, Inc.,* we allowed an amendment of a claim petition from one under The Occupational Disease Act for total disability due to byssinosis (brown lung disease) to one under the Act alleging the same disease. We stated that the "original filing under The Occupational Disease Act claiming total disability on account of byssinosis was clearly sufficient to put the defendants on notice as to the nature and circumstances of the claim. . . ." *Anthra Textile,* 53 Pa. Commonwealth Ct. at 296, 416 A.2d at 1174.

That rationale is inapplicable to the facts in the instant case, because Appellant here filed his claim petition alleging total disability due to pneumoconiosis and/or anthracosilicosis and their sequelae. The proposed amendment would allow Appellant to proceed under the Act alleging a total disability due to a heart attack, an entirely different cause of disability. The facts and circumstances of Appellant's alleged occupational disease and the proof necessary to sustain such a claim are substantially different from the facts and circumstances of Appellant's heart disability and proof required for the claim. To permit this amendment would obviously prejudice the employer, who is prepared to defend the occupational disease claim. We

do not here have a case where the amendment would allow the claim to proceed under a different act but using the same theory of recovery as in *Findlay* and *Anthra Textile, Inc.;* what we are presented with is a case where the amendment would allow the claimant to proceed under the same Act but using an entirely different theory of recovery.[4]

We, accordingly, hold that Appellant's claim based upon a heart attack alleged to have occurred November 22, 1977 is time barred.

### ORDER

The part of the order of the Workmen's Compensation Appeal Board No. A-85190, dated June 2, 1983 affirming the referee's denial of the Petitioner's motion to amend his claim petition, is affirmed. That part of the order which held that the referee's order was interlocutory is reversed. The case is remanded to the Board for further proceedings to determine the claimant's eligibility for benefits under Section 108 of the Act.

This decision was reached prior to the resignation of Judge WILLIAMS, JR.

---

[4] Appellant argues that because the Board's defense of The Pennsylvania Workmen's Compensation claim is that his disability resulted from his heart condition, he should be allowed to pursue recovery for this heart condition because the employer was aware of the heart attack. While we are aware that the provisions of the Act are remedial, we do not believe that the employer's knowledge of an injury occuring nearly five years ago entitles a claimant to recover benefits for an injury which otherwise would be precluded as to both right and remedy by the applicable statute of limitations. *Helstrom v. Workmen's Compensation Appeal Board*, 43 Pa. Commonwealth Ct. 113, 401 A.2d 882 (1979). "The courts may not extend the period [for filing compensation claims] ex gratia in aid of a meritorious claim or to relieve against the hardship of particular circumstances." *Thorn v. Strawbridge & Clothier*, 191 Pa. Superior Ct. 59, 62, 155 A.2d 414, 416 (1959).