Urick Foundry Company and Pennsylvania Manufacturers' Association Insurance Company, Petitioners *v.* Workmen's Compensation Appeal Board (Aarnio), Respondents.

Argued March 12, 1985, before Judges CRAIG and DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Howard N. Plate*, with him, *Joseph J. May, Plate, Shapira, Hutzelman, Berlin and May*, for petitioner.

*Robert B. McCullough, Evans, Johnson, Scarpitti, McCullough & Wittman*, for respondent, David L. Aarnio.

OPINION BY JUDGE DOYLE, August 8, 1985:

Urick Foundry Company (Employer) appeals from the order of the Workmen's Compensation Appeal Board (Board) which reversed the referee's dismissal of David L. Aarnio's (Claimant's) petition to set aside final receipt.

Claimant sustained a compensable injury on April 10, 1975, and began receiving workmen's compensation under a notice of compensation payable filed by Employer. Claimant returned to work in December of 1978 and later signed a final receipt which acknowledged full recovery from work-related disability as of December 4, 1978 and further acknowledged that disability terminated December 3, 1978.

On December 4, 1981, Claimant filed a claim petition which was treated by the referee as a petition to set aside a final receipt. The referee dismissed the petition, finding that the petition had not been filed "within three years from the date to which payments have been made," as required under Section 434 of The Pennsylvania Workmen's Compensation Act (Act),[1] 77 P.S. §1001. On appeal the Board reversed, holding that the three year limitation period ran from the date Claimant cashed his final compensation check, December 19, 1978. Thus, the Board concluded that the petition had been filed within three years of the date of payment, and remanded the case for a con-

---

[1] Act of June 2, 1915, P.L. 736, *as amended.*

sideration of the merits.[2]   Unfortunately, we cannot reach the substantive issue because the Board's remand order is interlocutory and not appealable. *Alan Wood Steel Co. v. Workmen's Compensation Appeal Board (Adams)*, 74 Pa. Commonwealth Ct. 230, 459 A.2d 887 (1983).   Even though this issue is not raised by the parties we must raise it sua sponte. *Hartman v. Workmen's Compensation Appeal Board*, 67 Pa. Commonwealth Ct. 65 445 A.2d 1364 (1982).

ORDER

Now, August 8, 1985, the above captioned appeal is quashed in accordance with the foregoing opinion.

---

[2] Although we would agree with the Board's conclusion that the date of the last compensation payment begins the running of the three year limitation period, we cannot agree with the Board's further conclusion that this date is to be determined by the date upon which Claimant *cashed* his check.   While it is true that we did refer to the check-cashing date in *Hartung v. Workmen's Compensation Appeal Board*, 49 Pa. Commonwealth Ct. 240, 410 A.2d 1301 (1980), we did so only to indicate the latest possible date upon which payment could have been made. *Id.* at 242, 410 A.2d at 1302. Under the facts in *Hartung*, even had the Court *assumed* that the payment was not made until the day the check was cashed, and had therefore begun the limitation period on that date, the petition to set aside would still have been filed beyond this period.   For this reason the Court in *Hartung* could conclude that the petition was untimely filed without the need to inquire further into the actual date of payment.   Clearly, *Hartung* cannot be read as equating the date of payment with the date the check is cashed.

A check is a negotiable instrument which is payable on demand on or after the date specified on its face. *See Commonwealth v. Kelinson*, 199 Pa. Superior Ct. 135, 184 A.2d 374 (1962) ; Sections 3109 and 3114 of the Commercial Code, 13 Pa. C. S. §§3109, 3114.   It follows, therefore, that when compensation payments are made by check, absent any fraud or intentional delay in transmittal, payment has been made *as of the date of the check*.   In this case the record indicates that the check was dated December 11, 1978.   This date is clearly within three years of the date of the filing of the petition to set aside final receipt.