# Hamilton v. State Farm Insurance Co.

*Gregory Sesler,* for plaintiff.
*Timothy Sennett,* for defendant.

LEVIN, *J.,* May 3, 1989 — This case is before the court on defendant's motion for summary judgment. The original accident on which the claim is predicated occurred on November 6, 1979. After the accident, plaintiff received No-fault Insurance coverage for a period of time. The last check mailed to plaintiff from the insurance company was dated February 1, 1984. However, it was not negotiated by plaintiff until February 13, 1984. On February 3, 1986, plaintiff's counsel contacted defendant insurance carrier. Plaintiff alleges that on February 3, 1986, her counsel was told by defendant insurance company that the claim would be paid provided that a letter along with proof of claim was submitted. On February 7, 1986, such claim was submitted. On March 6, 1986, defendant insurance carrier advised plaintiff's counsel that the statutory time limit requiring suit to be brought within two years had run and thus payment would not be made. On September 1, 1987, suit was commenced by plaintiff against defendant.

Plaintiff contends that summary judgment should not be granted to defendant for the following reasons:

(1) The date that controls the commencement of the statutory time limit is not the date of issuance of the check, but rather the date said check was negotiated, to-wit, February 13, 1984.

(2) Plaintiff need not *institute a suit* within the two-year statutory limitations period but only *make a claim* which plaintiff alleges was done on February 3, 1986.

(3) Defendant is estopped from raising the statutory time limitation period by virtue of the promises made to plaintiff's counsel on February 3, 1986.

A motion for summary judgment is properly granted where: "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Pa.R.C.P. 1035(b). See also, *Thorsen v. Iron & Glass Bank* 328 Pa. Super. 135, 140, 476 A.2d 928, 930 (1984). The court must examine the entire record in the light most favorable to the non-movant, resolving all doubts regarding the existence of a genuine issue of material fact in the non-movant's favor. *Thorsen* at 140-1, 476 A.2d at 930; *Mattia v. Employers Mutual Companies*, 294 Pa. Super. 577, 479, 440 A.2d 616, 617 (1982). Further, the court must accept as true all well-pled facts in the non-movant's pleadings, as well as admissions on file, giving that party the benefit of all reasonable inferences to be drawn therefrom. *Mattia v. Employers Mutual Companies, supra*. As often stated by the Pennsylvania Supreme Court, summary judgment should not be granted except in the clearest of cases.

With these principles in mind, the court must determine if there are any genuine issues of material fact which would prevent the issuing of summary judgment.

Taking all facts favorable to plaintiff, the threshold question the court must answer is what date is considered the last day of payment to defendant. If the time of last payment was February 1, 1984, as opposed to the date it was negotiated, to-wit, February 13, 1984, the two-year limitation period in which to file a claim or file suit had passed. Thus the court must first resolve that issue. It appears there is no case on this point as it would involve the No-fault statute. Yet, in *Urick Foundry Company v. WCAB (AAR-NIA)*, 92 Pa. Commw. 24, 496 A.2d 883 (1985), the court made a determination as to which date applies. The Commonwealth Court in a footnote stated the following:

"A check is a negotiable instrument which is payable on demand on or after the date specified on its face. See *Commonwealth v. Kelinson*, 199 Pa. Super. 135, 184 A.2d 374 (1962); Sections 3109 and 3114 of the Commercial Code, 13 Pa.C.S. §§3109, 3114. It follows, therefore, that when compensation payments are made by check, absent any fraud or intentional delay in transmittal, payment has been made *as of the date of the check*. In this case, the record indicates that the check was dated December 11, 1978. This date is clearly within three years of the date of filing of the petition to set aside final receipt." *Urick Foundry Co.* at 26, 496 A.2d at 885. (emphasis in original)

*Urick* is analogous to the instant facts since it involved statutory construction. As such, this court should use the same guidelines in its interpretation of the No-fault statute. Granted, this rule at first blush may seem very harsh. Nevertheless, on re-

flection it does make sense. If it were otherwise, a party could toll virtually forever the time period by holding the last check. This would be ludicrous for there would never be a time period if a party chose to hold a check and not negotiate same. Applying *Urick, supra,* to the present factual situation, the key date becomes February 1, 1984. Since there was no contact with defendant by plaintiff until February 3, 1986, the limitation period provided by the No-fault statute expired. Consequently, the other issues before the court become moot and need not be addressed.

Although this court might desire to help plaintiff by expanding the statutory time period, it is without power to do so. As the late Justice Felix Frankfurter state in *Scripps-Howard Radio v. Federal Communications Commission,* 316 U.S. 4, 9 (1942), "No court can make time stand still." Considering this mandate, the court cannot increase the time period provided by statute.

Therefore, defendant is entitled to summary judgment in its favor against plaintiff.

### ORDER

And now, May 3, 1989, it is hereby ordered, adjudged and decreed that defendant is hereby granted summary judgment in its favor against plaintiff with prejudice to plaintiff.