621 .A.2d 1125

**Orval W. SHAFFER, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (HOLLENBACK TOWNSHIP), Respondent.**

**HOLLENBACK TOWNSHIP, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (SHAFFER), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Dec. 18, 1992.

Decided Feb. 10, 1993.

David C. Dickson, Jr., for petitioner/respondent Orval W. Shaffer.

Paul K. Paterson, for respondent/petitioner Hollenback Tp.

Before PALLADINO and PELLEGRINI, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Orval W. Shaffer (Claimant) and Hollenback Township (Employer) filed cross-appeals from an order of the Workmen's Compensation Appeal Board (Board) that affirmed the referee's decision with modifications. We affirm.

Claimant sustained a work-related injury to his right wrist while working as a part-time truck driver/laborer for Employer on July 8, 1983. The injury occurred when a co-worker struck Claimant's wrist with a chain saw. Claimant's injury did not result in lost wages; and medical bills incurred at the time were paid by Employer's insurance carrier.

On June 19, 1986, Claimant filed a claim petition seeking payment of additional medical bills, attributing them to his work-related injury. Claimant's petition stated that no claim for compensation was being made. Employer responded that Claimant's present condition was not work-related.

Then, by letter dated July 21, 1986, Claimant sought to amend his petition to include a claim for wage loss benefits.[1] The referee denied the request to amend, finding that the three-year statute of limitations set forth in Section 315 of the Pennsylvania Workmen's Compensation Act (Act)[2] barred the request for wage loss benefits. However, upon finding that the additional medical bills resulted from the work-related injury, the referee ordered Employer to reimburse Claimant for reasonable and necessary medical expenses, reimbursement of reasonable costs, and counsel fees.

Employer appealed the award of costs of suit, but agreed to pay any future medical bills related to Claimant's injury. Claimant appealed the denial of wage loss benefits on the basis that the claim had not been time-barred and that his present lost earnings resulted from his work-related injury. The Board reversed, concluding that Section 315 of the Act did not bar Claimant's request for compensation, and remanded to allow evidence on the issue of compensation, i.e., whether Claimant lost time from work due to his injury and was entitled to wage loss benefits, or whether wage loss benefits should be suspended because Claimant's injury did not result in a loss of earnings.

Although the Employer continued to argue that Claimant's petition for compensation was untimely, the referee, bound by the Board's decision that the amendment was timely, formulated the following pertinent findings of fact on the issue of wage loss benefit entitlement:

10. The claimant suffers from pain in his wrist and has difficulty performing daily activities with his wrist.

11. The claimant testified on two occasions in this matter, November 7, 1986, and March 14, 1990. Although the record establishes that the claimant was employed as a truck driver and laborer with the employer, there is no testimony of record that indicates any of the claimant's job duties. However, the history given to Dr. Aquilina by the

1. Claimant again sought to amend his claim petition at the first hearing.

2. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 602.

claimant was that the claimant was a supervisor, and did not have to perform any heavy lifting or carrying.... The record is also not clear as to why the claimant did not work after 1984, although the claimant indicated in his testimony that he was not called back to work at that time. In the history given to Dr. Byron by the claimant in November of 1986, the claimant reported that he retired from his position to care for his wife.

12. The claimant continued working after his work-related injury on July 8, 1983, never received any compensation, and there is no evidence that the claimant sought the services of a physician for his work-related injury before April 18, 1986....

\*     \*     \*     \*     \*     \*

14. ... All of the physicians who testified in this matter have acknowledged that the claimant has a problem with his right wrist, but not one of the physicians has offered any testimony with respect to the claimant's limitations as a result of his injury, or with respect to whether the claimant can engage in any type of gainful employment, including the claimant's former employment with the employer, Hallenback Township.

15. ... However, in the case at bar there is no evidence in this record with respect to the claimant's prior duties other than driving a truck, and there is a conspicuous absence of any testimony from the three physicians with respect to the claimant's limitations and/or ability to perform gainful employment. Therefore, if I were to make a finding in this matter that the claimant was unable to engage in his former employment as a laborer, I would have to substitute my judgment for that of a physician, which I am not permitted to do.

Based upon the findings of fact, the referee concluded that:

1. Pursuant to the Board's Order in this matter, the claimant timely filed his request for the payment of compensation benefits.

2. The claimant has failed to show that his benefits should be suspended on a ex-post-facto basis immediately after his

work-related accident on July 8, 1983, as he returned to his usual employment, received no compensation and was not treated for his work-related injury until April 18, 1986.

3. The claimant has failed to establish in the record the job duties of his former position with the Township, and has failed to establish through the medical evidence of record that he is physically unable to perform his former employment with the employer, or any other employment.

4. The claimant has failed to meet his burden of proving that his condition has worsened to the point that he is physically unable of performing his former position with the employer, or any other employment.

Again both parties appealed to the Board. Claimant alleged that several findings were not supported by substantial evidence and that Conclusion Nos. 2, 3 and 4 were errors of law. Employer alleged that Conclusion No. 1 is was in error. Again the Board determined that Claimant's petition, filed within the three year statute of limitations period, entitled Claimant to all benefits under the Act to which he established eligibility. The Board also concluded that Claimant failed to establish that his work-related injury prevented him from being able to perform his pre-injury job. Citing *Hawkins v. Workmen's Compensation Appeal Board (Medical College of Pennsylvania)*, 138 Pa.Commonwealth Ct. 180, 587 A.2d 387 (1991), the Board concluded that "a suspension of benefits is the appropriate remedy where medical disability exists but does not manifest itself in a loss of earning power." *Id.* at 185, 587 A.2d at 390. Therefore, the Board modified the referee's order, stating that Claimant's benefits, other than medical and litigation expenses, were suspended.

Both parties appealed to this Court.[3] Employer again raises the timeliness issue; and Claimant argues that the Board erred in suspending benefits and that sufficient evi-

3. Our scope of review is limited to a determination of whether constitutional rights have been violated, whether the adjudication was in accordance with the law, and whether the referee's findings of fact are supported by substantial evidence. 2 Pa.C.S. § 704.

dence in the record establishes that his work-related injury prevents him from performing his job.

On the issue of timeliness, *Mauger and Co. v. Workmen's Compensation Appeal Board (Waltz)*, 143 Pa.Commonwealth Ct. 198, 598 A.2d 1035 (1991), and *Mangine v. Workmen's Compensation Appeal Board*, 87 Pa.Commonwealth Ct. 543, 487 A.2d 1040 (1985), *overruled on other grounds* by *FMC Corp. v. Workmen's Compensation Appeal Board (Wadatz)*, 116 Pa.Commonwealth Ct. 527, 542 A.2d 616 (1988), are instructive.

In *Mangine,* the claimant's original petition alleged a disability due to pneumoconiosis; the amended petition asserted that his disability resulted from a heart attack. Since the facts and circumstances and the proof necessary to sustain the original claim were substantially different than those needed to prove the amended claim, the court disallowed the amendment, concluding that the employer would be prejudiced.

In *Mauger,* the referee allowed the claimant to amend her original petition three years after the statute of limitations expired. The court held that because the employer failed, albeit mistakenly, to furnish requested medical data in its possession as required by Section 422 of the Act, 77 P.S. § 835, it could not claim prejudice. The *Mauger* court also cited the Referee's Rules at 34 Pa.Code § 131.35(a), which states:

§ 131.35. Amendments to pleadings.

(a) A party has the right to amend a pleading at any time in a proceeding before a referee, unless the referee determines that another party has established prejudice as a result of the amendment.

Employer here was aware within the three year statutory period that Claimant had been injured in a work-related accident and, in fact, paid for Claimant's medical bills that stemmed from the injury. Claimant's claim petition, even if originally filed for the sole purpose of recovering additional medical expenditures, put Employer on notice that it would be required to defend its position that Claimant's present medical

expenses did not stem from his earlier work-related injury. However, relying on *Mauger* and *Mangine,* we conclude that an amendment filed after the statute of limitations has expired is not *per se* prejudicial; it requires that the party opposing the amendment show prejudice. Employer here did not do so. Simply claiming that the amendment is time-barred is not enough.

▮ We next turn to the issue of whether the Board correctly ordered a suspension of benefits. The Board clearly stated the law that a suspension of benefits is indicated where medical disability exists but does not manifest itself in a loss of earning power. Because there was no evidence that Claimant could not perform his pre-injury job or other gainful employment, a suspension is proper.

The purpose of workmen's compensation is to provide benefits to employees who suffer work-related injuries resulting in a loss of earnings. If an employee does not incur an immediate wage loss for an observable physical disability, the protections granted by the Act can only be achieved by issuing a suspension order, which allows the employee up to 500 weeks in which to monitor the course of his disability.

*United States Steel Corp. v. Workmen's Compensation Appeal Board,* 62 Pa.Commonwealth Ct. 502, 506, 437 A.2d 92, 94 (1981).

Lastly, Claimant argues that the referee's findings, concerning his ability to engage in the duties required in the performance of any gainful employment, are not supported by substantial evidence.

▮ Evidence is deemed to be substantial if sufficient relevant evidence exists in the record that a reasonable mind might accept as adequate to support a conclusion. *Gonzalez v. Workmen's Compensation Appeal Board (Penn Pad Co.),* 143 Pa.Commonwealth Ct. 177, 598 A.2d 650 (1991). Furthermore, we will not reweigh the testimony of contradicting witnesses nor resolve the issue of which witnesses are more credible. *Id.* The referee, as the judge of credibility, may accept or reject, in whole or in part, any testimony of any

witness, including medical witnesses. *Mrs. Smith's Frozen Foods Co. v. Workmen's Compensation Appeal Board (Clouser),* 114 Pa.Commonwealth Ct. 382, 539 A.2d 11 (1988). In fact, the referee may even reject uncontradicted testimony. *Stuck Leasing Co. v. Workmen's Compensation Appeal Board (Ziegler),* 125 Pa.Commonwealth Ct. 237, 557 A.2d 808 (1989).

The referee found that Claimant failed to produce evidence concerning his inability to perform his pre-injury job.[4] The referee also noted that nothing in the record showed what duties Claimant was required to perform in his pre-injury job nor what duties he was now able to perform. Without this evidence, the referee concluded that Claimant had not carried his burden of proof that his present loss of earnings was a result of his injury. "[T]he test to be applied to a claimant alleging total disability is whether that claimant's work-related injury deprives him of his earning power." *4156 Bar Corp. v. Workmen's Compensation Appeal Board,* 63 Pa.Commonwealth Ct. 176, 438 A.2d 657 (1981).

Based on the record before him, the referee determined that the Claimant was not entitled to wage loss benefits, because his loss of earnings was not caused by his injury. Our review of the record reveals that substantial evidence supports the findings upon which the referee based his conclusions.

Accordingly, we affirm.

## ORDER

AND NOW, this 10th day of February, 1993, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

---

**4.** Claimant refers to a letter, dated March 15, 1989, written by Dr. Byron that states that the doctor does not believe Claimant will be able to return to his previous employment. However, the letter does not appear to have been entered into evidence. As such it is not a part of the record in this case.