628 A.2d 920

**ST. FRANCIS HOSPITAL OF NEW CASTLE, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (KERR), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 18, 1992.

Decided July 7, 1993.

Ray F. Walters, Jr. and James A. Mazzotta for petitioner.

Joseph E. Fieschko, Jr. for respondent.

Before PALLADINO and PELLEGRINI, JJ., and NARICK, Senior Judge.

PALLADINO, Judge.

St. Francis Hospital (Employer) appeals an order of the Workmen's Compensation Appeal Board (Board) which af-

firmed a referee's award of benefits under The Pennsylvania Workmen's Compensation Act (Act).[1]

Shirley J. Kerr (Claimant) filed a claim petition alleging she was disabled when she injured her back while lifting a group of X-ray jackets weighing approximately forty pounds. Claimant was hospitalized because of this injury and while in the hospital suffered a stroke and a heart attack. Claimant's claim petition listed the nature of her injury as "Compression fracture of T–6 and small disc and L–5 S1, stroke, myocardial infarction." (R.R. at 1a.)

At a hearing before the referee, Claimant presented evidence supporting the injuries pled in the claim petition. Additionally, Claimant introduced the deposition of Dr. Frank D. Geer, Claimant's psychiatrist, who testified that Claimant suffered from depression resulting from the injury.

The Employer introduced evidence relating to Claimant's allegations of the spinal injuries, stroke and myocardial infarction. Employer did not offer evidence as to depression.[2]

The referee found Claimant to be totally disabled and granted compensation based on the spinal injury and depression. Specifically, the referee found:

8. The claimant has depression for which Frank D. Geer, M.D. began treating her on January 19, 1989. Her work related fracture of her T–6 vertebra is a significant contributing cause of this depression.

9. The claimant has not been able to perform her duties as an X-ray secretary for the defendant since she last performed these duties on September 16, 1988 because of her work related T–6 fracture. She has not worked for wages since September 16, 1988. In making this finding of fact I accept the pertinent testimony of Dr. Stuart A. Gardner, M.D. and of the claimant.

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031.

2. Through a "mix-up" Employer did not attend the deposition of Dr. Geer, nor did Employer later subpoena Dr. Geer after his deposition was admitted into evidence, for the purpose of cross-examination. (N.T. 1/23/90 pp. 4.)

10. Since at least January 19, 1989 the claimant has been unable to perform her duties as an X-ray secretary because of her depression. In making this finding of fact I accept the pertinent testimony of Dr. Frank D. Geer. I also considered my observations of the Claimant.

(R.R. at 9a.)

Employer appealed to the Board, arguing that Claimant never pled a psychic injury, and that the referee erred in granting an award based on a psychic injury. The Board affirmed the referee stating that "[d]efendant was given notice of the psychic injury claim when Claimant submitted the expert medical testimony of Claimant's treating psychiatrist. . . ." (R.R. at 22a.) The Board also held that the referee had the authority to consider the psychic injury even though Claimant failed to plead it.

 The sole issue presented for our review is whether the referee erred by granting benefits on the basis of a work related psychic disability where such a theory of recovery was never pled in the claim petition.[3]

Employer argues that the referee may not *sua sponte* award benefits on a theory of recovery that was never pled. Employer contends that it was prejudiced, because it was never notified that compensation for a psychic injury was being considered, and therefore, did not offer evidence to contravene such a claim.

Claimant cites numerous cases for the proposition that when dealing with workmen's compensation cases, the form of the petition is not controlling, and compensation will be granted where the facts warrant relief.[4]

3. Our scope of review is limited to whether findings of fact are supported by substantial evidence, whether constitutional rights were violated, or whether an error of law was committed. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Sebro)*, 132 Pa.Commonwealth Ct. 288, 572 A.2d 843 (1990).

4. Claimant relies on *New Enterprise Stone & Lime v. Workmen's Compensation Appeal Board (Baird)*, 124 Pa.Commonwealth Ct. 257, 555 A.2d 974 (1989), where compensation was awarded for a work related heart attack. The Board affirmed the referee and found that the

In the present action, resolution of the cause of the disability is different from what was originally pled. Claimant originally pled disability based on physical injuries. Claimant now asserts a psychic injury.

Employer relies on *Mangine v. Workmen's Compensation Appeal Board (Consolidated Coal Co.)*, 87 Pa.Commonwealth Ct. 543, 487 A.2d 1040 (1985) *overruled on other grounds*, 116 Pa.Commonwealth Ct. 527, 542 A.2d 616 (1988), a case where a claimant alleged total disability due to pneumoconioses and/or anthracosiliosis (black lung). At a hearing the claimant attempted to amend his claim petition to assert that his disability was due to a heart attack. We held that the amendment was time barred, stating:

> the proof necessary to sustain such a claim [is] substantially different from the facts and circumstances of Appellant's heart disability. To permit this amendment would obviously prejudice the employer.... We do not here have a case where the amendment would allow the claim to proceed under a different act but using the same theory of recovery ... what we are presented with is a case where the amendment would allow the claimant to proceed under the same Act but using a different theory of recovery.

(*Id.* 87 Pa.Cmwlth. at 547, 487 A.2d at 1042, citations and footnote omitted.)

Employer argues that allowing the referee to consider a psychic injury in this case would prejudice the Employer much

claimant suffered an aggravation of a pre-existing injury. This court affirmed the Board, even though claimant never pled aggravation of a pre-existing injury, holding that an injury was proved under Section 301(c) of the Act, and that the "claim petition filed is not controlling where the facts warrant relief." *Id.* at 262, 555 A.2d at 977. Likewise, in *Pittsburgh Board of Education v. Workmen's Compensation Appeal Board (Perkins)*, 108 Pa.Commonwealth Ct. 361, 529 A.2d 1166 (1987), the claimant was injured by exposure to chlorine fumes. After failing to prove an occupational disease, this court held that the claimant was not precluded from receiving an award under the injury provisions of the Act. Claimant also cites *Long v. Workmen's Compensation Appeal Board (Anchor Container Corp.)*, 95 Pa.Commonwealth Ct. 242, 505 A.2d 369 (1986) and *Pittsburgh Press Company v. Workmen's Compensation Appeal Board (Pecora)*, 82 Pa.Commonwealth Ct. 538, 475 A.2d 972 (1984), where compensation was awarded under similar circumstances.

the same as in *Mangine*. Claimant, however, denies any prejudice exists and correctly points out that Employer was notified that Claimant was advancing a psychic injury as cause for the disability by the submission of Dr. Geer's deposition.

This Court has consistently maintained that the rules governing pleadings in workmen's compensation cases do not mirror the Pennsylvania Rules of Civil Procedure and should be liberally construed. *Liberty Baking v. Workmen's Compensation Appeal Board (Carmadella )*, 63 Pa.Commonwealth Ct. 517, 439 A.2d 1276 (1981). Strictness of pleadings in workmen's compensation cases is not required. *Dunmore School District v. Workmen's Compensation Appeal Board (Lorusso )*, 89 Pa.Commonwealth Ct. 368, 492 A.2d 773 (1985).

In prior cases where claimant offered an amendment to a claim petition, the amendment was either done in a written format, or if done orally, the amendment was "clear on its face and not subject to any interpretation." *Workmen's Compensation Appeal Board (Venturella) v. Westinghouse Electric Corporation*, 24 Pa.Commonwealth Ct. 251, 254, 355 A.2d 619, 621 (1976).

We hold that the introduction of a doctor's deposition is sufficient to provide notice to the employer that a claim for psychic injury is being made.

Dr. Geer's testimony states that he started treating Claimant for depression in January of 1989. Over the course of nine months Dr. Geer saw Claimant a total of seven times. Dr. Geer also testified that the cause of Claimant's depression is the back injury and the stroke. (R.R. at 123a–103a).

Additionally, once a claimant pleads a work-related injury in a compensation proceeding, that injury and all the consequences which flow from that injury, including any psychic injury, is properly before the Referee and, in this case, he properly ordered compensation and payment of medical bills incurred as a result of the depression.

Accordingly, we affirm.

## ORDER

AND NOW, July 7, 1993, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.