Patricia THOMAS, Petitioner,

v.

**WORKERS' COMPENSATION APPEAL BOARD (DERRY TOWNSHIP), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Nov. 16, 2001.
Decided Dec. 28, 2001.

sign area shall be removed[.]"

Bruce S. Gelman, Pittsburgh, for petitioner.

Kimberly A. Rossman, Pittsburgh, for respondent.

Before COLINS, J., LEADBETTER, J., and MIRARCHI, Jr., Senior Judge.

COLINS, Judge.

Patricia Thomas petitions for review of the Workers' Compensation Appeal Board order affirming a workers' compensation judge's denial of her claim petition on the grounds that she failed to meet her burden of proving abnormal working conditions or that her physical injuries prevented her from working.

■ In July 1996, Thomas filed a claim petition alleging that as of January 9, 1996 she became disabled by physical injuries to

her right thumb and right shoulder caused by repetitive movements of her hand in the performance of her clerical duties. At the initial hearing before the judge, counsel for Thomas essentially amended the claim[1] to assert that Thomas "was subjected to a hostile work environment with so much stress and anxiety that it caused these physical problems which required her to be off work." (4–24–97 Notes of Testimony, p. 14.) Thomas worked for Derry Township as a clerical employee and prior to January 2, 1996, had also held the appointed position as Secretary Treasurer for the Township. Thomas reported to the three-member Board of Supervisors.

After hearings at which both parties presented evidence, the judge credited the testimony of Thomas's medical experts as to the causation and nature of her physical injuries,[2] but found that none of the medical witnesses testified that Thomas's physical problems prevented her from returning from work.[3] The judge concluded that Thomas failed to prove that her physical injuries alone prevented her from working or that her physical injuries arose from abnormal working conditions. (Conclusions of Law Nos. 1 and 2.) The Board affirmed.

Thomas essentially raises two issues for our review. First, she disputes the judge's conclusion that she failed to meet her burden of proving abnormal working conditions. She contends that she submitted substantial evidence of a pattern of continual harassment and verbal abuse by township supervisor Louis DeMary and that the judge ignored case law that says a claimant can demonstrate an abnormal working environment through evidence of numerous instances of hostility. She also argues that the judge erred in failing to give weight to evidence of actions taken against her after she stopped working and to evidence of the work environment prior to the election of supervisor DeMary. Second, Thomas argues that apart from any psychic component, she met her burden of proving that her physical injuries prevented her from working.

■ In workers' compensation cases, our review is limited to determining whether necessary findings of fact are supported by substantial evidence and whether constitutional rights have been violated or errors of law have been committed. 2 Pa.C.S. § 704. Our function is not to reweigh evidence or to substitute our judgment for the judgment of the judge. *Vitelli v. Workmen's Compensation Appeal Board (St. Johnsbury Trucking Company)*, 157 Pa.Cmwlth. 589, 630 A.2d 923 (1993), *petition for allowance of appeal denied*, 537 Pa. 627, 641 A.2d 591 (1994). If the credited evidence constitutes sub-

---

**1.** A party may amend a pleading at any time unless the judge determines that another party has established prejudice. 34 Pa.Code § 131.35. The rules governing pleadings in workers' compensation cases are liberally construed. *St. Francis Hospital of New Castle v. Workmen's Compensation Appeal Board (Kerr)*, 156 Pa.Cmwlth. 605, 628 A.2d 920 (1993), *petition for allowance of appeal denied*, 537 Pa. 669, 644 A.2d 1205 (1994).

**2.** Specifically, in Finding of Fact No. 33 the judge found,

This Workers' Compensation Judge finds, based on the credible testimony of Dr. Reyna, Dr. Slagle, and Dr. Penkrot, that the claimant suffered from problems relating to the stress incurred by the claimant at work. Dr. Penkrot diagnosed the claimant as suffering from neurodermatitis as a result of stress from work. Dr. Slagle noted that the claimant suffered from problems such as insomnia, headaches, irritability and generalized achiness which he attributed to the stress from the claimant's employment. Dr. Penkrot diagnosed the claimant as suffering from neurodermatitis, cervicalgia and headaches due to cervical sprain which he attributed to the stress from the claimant's workplace.

**3.** Finding of Fact No. 35.

stantial evidence, the judge's findings will not be disturbed even though there may be evidence to the contrary. *American Refrigerator Equipment Company v. Workmen's Compensation Appeal Board,* 31 Pa. Cmwlth. 590, 377 A.2d 1007 (1977).

■ In the context of a claim petition, disability has not been legally established, and the claimant bears the burden of proving that she suffered a work-related disability. *Nabisco Brands, Inc. v. Workmen's Compensation Appeal Board (Almara),* 706 A.2d 877 (Pa.Cmwlth.1998), *petition for allowance of appeal denied,* 558 Pa. 613, 736 A.2d 606 (1999). To recover benefits for a psychic injury, even one that manifests in both mental and physical symptoms, a claimant must prove by objective evidence that she has suffered a psychic injury that is more than a subjective reaction to normal working conditions. *Davis v. Workmen's Compensation Appeal Board (Swarthmore Borough),* 561 Pa. 462, 751 A.2d 168 (2000). Even if the claimant produces evidence of actual work events that precipitated the psychic injury, the claimant must still prove that the events constitute abnormal working conditions. *Id.* Psychic injury cases are highly fact-sensitive, so the actual work conditions must be evaluated in the context of the specific employment. *Id.*

■ Thomas met her burden of proving the existence of her psychic injury. In this case the credited testimony of Thomas's medical experts established that her physical injuries—neurodermatitis, insomnia, headaches, irritability, cervicalgia, and headaches—resulted from workplace stress. As proof of abnormal working conditions, Thomas testified that she began having problems with Mr. DeMary shortly after he took office in January 1994. When asked to describe what caused the adverse work atmosphere, Thomas described frequent disagree-ments, during which Mr. DeMary would raise his voice, over the accuracy of payroll sheets DeMary submitted and late submission of payroll sheets; Mr. DeMary's failure to return files for which she was responsible and reprimanding her when he could not find them; DeMary's refusal to initial bills for payment outside of meetings; DeMary's removal of his name from a signature stamp after accusing Thomas of paying bills without his authorization; DeMary's attempt to reprimand her for insubordination after accusing Thomas of having failed to notify him about a meeting; DeMary's unfounded claim that Thomas had misquoted him in the minutes of a township meeting; DeMary's accusation that Thomas hid his mail; and disputes with Mr. DeMary over issues such as her refusal to issue a building permit, or his unauthorized removal of names from an assessment list. At the January 1996 supervisors meeting, Thomas was not retained as Secretary Treasurer; Mr. DeMary and another supervisor, Gene Matteo, voted against her.

Although the judge credited Thomas's testimony with minor exceptions and found Mr. DeMary's testimony to be unpersuasive, he concluded that Thomas failed to establish abnormal working conditions. He concluded that none of the events to which Thomas testified were unusual in the workplace; rather he characterized them as disagreements about payroll, changes in procedures, and differing interpretations of policies, regulations, and contract provisions that normally occur in any workplace. The judge found that it is not unusual for a supervisor to use an angry tone of voice in the course of a dispute with an employee, especially when the dispute has continued for a period of time. The credited evidence amply supports the judge's conclusions on this issue.

■ Although verbal reprimands and harassment can constitute abnormal work-

ing conditions,[4] contrary to Thomas's contentions, the credited evidence does not establish a pattern of harassment or verbal abuse in this case. Furthermore, the judge did not err in failing to give weight to evidence of actions taken against her after she stopped working and evidence of the work environment prior to the election of the supervisor Mr. DeMary. Such evidence is not relevant to the issue of whether the actual work events involving Mr. DeMary between January 1994 and her last day of work on January 6, 1996 constituted abnormal working conditions.

▪ Finally, we reject Thomas's argument that she is entitled to benefits because she proved that her physical injuries rendered her unable to perform her pre-injury duties. As noted above, the judge credited the testimony of Thomas's medical experts that her physical problems were caused by stress, Thomas's subjective reaction to normal working conditions, and therefore not causally related to the workplace for workers' compensation purposes. Second, Thomas's medical experts did not testify that her physical problems rendered her unable to perform her work duties.[5]

Thomas directs us to *Whiteside v. Workers' Compensation Appeal Board (Unisys)*, 168 Pa.Cmwlth. 488, 650 A.2d 1202 (1994), *petition for allowance of appeal denied*, 544 Pa. 650, 664 A.2d 978 (1995), and other cases supporting an award of benefits under the mental/physical paradigm under which the claimant must show identifiable physical injuries causally connected to the workplace. However, the Supreme Court in *Davis* dispensed with any distinction between physical and mental manifestations of mental injuries:

> [I]t is the nature of the injury asserted, not the presence or absence of physical symptoms, that is controlling. Accordingly, we hold that the standard to be applied to claims for workers' compensation benefits when the claimant asserts a psychic injury that has manifested itself through psychic and physical symptoms is the same standard that we articulated in *Martin[v. Ketchum, Inc.* 523 Pa. 509, 568 A.2d 159 (1990)]: such a claimant must prove by objective evidence that he has suffered from a psychic injury and that the psychic injury is other than a subjective reaction to normal working conditions.

561 Pa. at 479, 751 A.2d at 177.

Accordingly, the order of the Board is affirmed.

### *ORDER*

AND NOW, this 28th day of December 2001, the order of the Workers' Compensation Appeal Board in the above-captioned matter is affirmed.

---

**4.** *See Archer v. Workmen's Compensation Appeal Board (General Motors),* 138 Pa.Cmwlth. 309, 587 A.2d 901 (1991).

**5.** Finding of Fact No. 35.