# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Donald Shirey, : 
                Petitioner : 
                     : 
        v. :   No.  1038 C.D. 2021
                     :   Submitted:  February 11, 2022
The Bon Ton Stores, Inc. : 
(Workers' Compensation : 
Appeal Board), : 
              Respondent : 

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE ELLEN CEISLER, Judge
                HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                  FILED:  April 12, 2022

Donald Shirey (Claimant) petitions for review of the August 31, 2021 Order of the Workers' Compensation Appeal Board (Board), which affirmed the January 12, 2021 Decision of the Workers' Compensation Judge (WCJ) denying Claimant's Claim Petition for workers' compensation benefits (Claim Petition). Claimant argues that the Board erred by affirming the WCJ, who denied the Claim Petition and refused to place Claimant's benefits in a suspended status, even though Claimant experienced no wage loss within three years of the date of his work injury with The Bon Ton Stores, Inc. (Employer).  Claimant further contends that the Board erred by affirming the WCJ where the WCJ erroneously rejected Claimant's unrebutted medical evidence which would have allowed for expansion of the

description of Claimant's work injury. Upon review, we affirm the Order of the Board.

## I. Background and Procedural History

On December 29, 2016, Claimant's left heel got caught while carrying boxes on an escalator in the course of his employment with Employer. This resulted in an injury described as "[s]prain or [t]ear[,] [i]nternal derangement, a trauma or wrenching of a joint, producing pain and disability depending upon degree of injury to ligaments." Reproduced Record (R.R.) at 1a. On May 17, 2017, Employer issued a medical-only Notice of Compensation Payable (NCP) accepting responsibility for reasonable and necessary medical care for Claimant's injury.

On November 15, 2019, Claimant filed his Claim Petition, and on December 2, 2019, Employer filed an Answer denying the material averments raised in the Claim Petition. The matter was assigned to the WCJ, who accepted evidence from the parties and conducted four hearings, from January 6, 2020, to October 26, 2020. On January 12, 2021, the WCJ circulated his decision, in which he denied the Claim Petition but determined that Employer would remain liable for reasonable and necessary medical treatment causally related to the work injury.

## II. The WCJ's Decision and Order

At the beginning of his Decision, the WCJ noted that Claimant's counsel asked that the matter be adjudicated to recognize Claimant's potential disability from his work injury but that there was no period of actual disability currently at issue. WCJ's Dec. and Order, 1/12/2021, Finding of Fact (FOF) 2; R.R. at 67a. The WCJ then proceeded to enumerate the following factual findings.

Claimant testified before the WCJ, via telephone, on July 8, 2020. FOF 4; R.R. at 67a. Claimant testified that his injury has never caused him to miss work.

2

FOF 4a; R.R. at 67a. Claimant has not received medical treatment for the injury since April 2019, and he does not take medication for the injury. FOF 4c; R.R. at 67a-68a. Claimant feels his condition has improved but that he is not fully recovered. FOF 4c; R.R. at 68a. Claimant reaffirmed that he has never experienced wage loss or lost time from work due to his injury. FOF 4d; R.R. at 68a. Claimant presented a note from Shawn P. Echard, DPM, "that Claimant was treated in his office for left [A]chilles tendinitis on February 5, 2019." FOF 5; R.R. at 68a. Claimant presented the note of Macalus V. Hogan, M.D., "that Claimant's left heel/Achilles injury . . . was work related, and that Claimant was first examined in April 2017." FOF 6; R.R. at 68a. The WCJ found that Employer "offered printouts of the medical payments made by its insurer [] and co-pays reimbursed to Claimant []." FOF 7; R.R. at 68a.

The WCJ found Claimant credible in regard to the occurrence of the work injury and the treatment he received. However, the WCJ found nothing in Claimant's testimony that "would support a finding that [his] work injury resulted in disability."[1] FOF 8; R.R. at 69a. The WCJ further found:

> Claimant has failed to prove that his accepted December 29, 2016 work injury resulted in any period of disability. This is an accepted work injury. Employer continues to be liable for all reasonable and necessary medical treatment related to Claimant's work injury. Claimant, however, filed the instant Claim Petition, asking that the status of the claim be converted from "medical-only" to a recognized disability which is suspended as of the date of injury.
>
> Claimant's requested relief presents an evidentiary problem, however. There is no presumption of disability. In order to suspend

---

[1] Disability is synonymous with loss of earning power attributable to a work-related injury. *Weissman v. Workers' Comp. Appeal Bd. (Podiatry Care Ctr., P.C.)*, 878 A.2d 953 (Pa. Cmwlth. 2005).

wage loss benefits, there must be some entitlement to wage loss benefits. Here, there is none, by Claimant's own admission. He credibly acknowledged that he has not missed any time from work due to the . . . injury. No suspension can be granted because there is no wage loss benefit to suspend . . . .

Claimant offered no medical evidence of disability related to the . . . work injury. Dr. Echard's two-sentence note indicates that Claimant was "seen and treated" in his office. Dr. Hogan offered three sentences, indicating that Claimant's injury was work related, but gave no opinion regarding disability. Neither of these physicians' opinions contained any objective findings, results of diagnostic studies, or other support for their brief conclusory statements. I reject both medical documents as lacking sufficient support to change the description of Claimant's accepted work injury.

FOF 8; R.R. at 68a-69a.

The WCJ concluded that Claimant failed to present credible medical evidence that his work injury resulted in any disability "or that the description of his work injury should be expanded." WCJ's Dec. and Order, 1/12/2021, Conclusion of Law 2; R.R. at 69a. Accordingly, the WCJ denied the Claim Petition, noting that Employer remained liable for reasonable and necessary medical treatment that is causally related to Claimant's accepted injury. Claimant subsequently appealed to the Board.

### III. The Board's Opinion

In its Opinion, the Board stated:

Claimant bore the burden of proving all of the elements necessary to support an award, including the existence of a work-related injury and resulting disability. As to disability, Claimant was unable to meet his burden because he failed to present credible evidence that his . . . work injury resulted in any period of disability. This is supported by Claimant's own testimony that he has not missed work or lost any wages as a result of his work injury. As such, the credible testimony of Claimant constitutes substantial evidence, sufficient in nature, to support the WCJ's Decision denying Claimant's Claim Petition.

Bd. Op., 8/31/2021 at 5 (internal citations omitted); R.R. at 82a.

The Board further opined that the WCJ did not err by declining to amend the description of the work injury where the WCJ rejected Claimant's evidence that allegedly established an additional injury of left Achilles tendinitis. The Board determined that where, as here, there is no preexisting award of compensation, there was nothing for the WCJ to suspend, and thus, the WCJ did not err by denying Claimant's request to do so.

### IV.    Discussion

At the outset, we note that our review is limited to determining whether the WCJ's findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Phoenixville Hosp. v. Workers' Comp. Appeal Bd. (Shoap)*, 81 A.3d 830 (Pa. 2013). In a claim petition, the claimant bears the burden of proving all of the elements necessary to support an award, including the existence of a work injury resulting in disability. *Inglis House v. Workmen's Comp. Appeal Bd. (Reedy)*, 634 A.2d 592 (Pa. 1993). The burden rests with the claimant to establish the existence of additional compensable injuries giving rise to corrective amendments to the description of the injury. *Cinram Mfg. v. Workers' Comp. Appeal Bd. (Hill)*, 975 A.2d 577 (Pa. 2009). Where the causal relationship between the work incident and the disability is not obvious, unequivocal medical evidence is necessary to establish it. *Jeannette Dist. Mem'l Hosp. v. Workmen's Comp. Appeal Bd. (Mesich)*, 668 A.2d 249 (Pa. Cmwlth. 1995).

The WCJ is free to accept or reject, in whole or in part, the testimony of any witness, including medical witnesses. *Greenwich Collieries v. Workmen's Comp. Appeal Bd. (Buck)*, 664 A.2d 703 (Pa. Cmwlth. 1995). Determinations of

5

credibility and weight to be accorded evidence are the prerogative of the WCJ. *Vols v. Workmen's Comp. Appeal Bd. (Alperin, Inc.)*, 637 A.2d 711 (Pa. Cmwlth. 1994).

Here, Claimant failed to meet his burden because he was unable to establish any period of disability, either through his own testimony or through unequivocal medical evidence. Accordingly, the Board did not err by affirming the WCJ's denial of the Claim Petition. Further, the WCJ correctly determined that, without a preexisting award of compensation, Claimant had no disability benefits to suspend. Claimant counters that this Court addressed this latter issue differently in *Shaffer v. Workmen's Compensation Appeal Board (Hollenback Township)*, 621 A.2d 1125, 1129 (Pa. Cmwlth. 1993), a case in which medical disability existed "but did not manifest itself in a loss of earning power." Claimant's Br. at 13.

Claimant notes that, in *Shaffer*, we determined it was proper to suspend a claimant's benefits where the claimant was unable to perform his time of injury job or any other gainful employment. Claimant explains that the *Shaffer* Court relied on our earlier decision in *United States Steel Corporation v. Workmen's Compensation Appeal Board*, 437 A.2d 92 (Pa. Cmwlth. 1981), in which we stated:

> The purpose of workmen's compensation is to provide benefits to employees who suffer work-related injuries resulting in a loss of earnings. If an employee does not incur an immediate wage loss for an observable physical disability, the protections granted by the [Pennsylvania Workers' Compensation Act] [(]Act[)][2] can only be achieved by issuing a suspension order, which allows the employee up to 500 weeks in which to monitor the course of his disability.

Claimant's Br. at 13-14 (citing *Shaffer*, 621 A.2d at 1129, citing *U.S. Steel Corp.*, 437 A.2d at 94). In addition, Claimant contends that "there are no requirements that

---

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2710.

a loss of earning power must manifest within three years . . . where medical benefits have been paid, or like the instant matter, where a [m]edical-[o]nly [NCP] has been issued." Claimant's Br. at 14.

However, in *Corden v. Workmen's Compensation Appeal Board (Latrobe Steel Co.)*, 595 A.2d 674 (Pa. Cmwlth. 1991), this Court held that Section 413a of the Act, 77 P.S. §772, governing the suspension of compensation, required a preexisting agreement or award of benefits because, without this, there is nothing to suspend. As the Board noted in its Opinion, the *Corden* Court "explained that although it upheld the granting of a suspension order in *U[nited] S[tates] Steel Corp.*, *i.e.*, it did so only because it determined that the Judge had made an 'award' to the claimant by specifically finding that the claimant sustained an indeterminate degree of partial disability as a result of an injury to his leg." Bd. Op, 8/31/2021, at 7; R.R. at 84a (quoting *Corden*, 595 A.2d at 676). Thus, there was an award to suspend. In the present matter, there is not.

Claimant next argues that the Board erred by affirming the WCJ where the WCJ erred by rejecting Claimant's unrebutted medical evidence which would have allowed the description of Claimant's work injury to be expanded. Claimant asserts that the WCJ erred "in not admitting this evidence into the record when no wage loss was at issue, and further erred in apparently relying on it despite his earlier ruling that [it] was not admitted." Claimant's Br. at 15-16. We disagree. As noted by the Board, "the WCJ sustained [Employer's] hearsay objections to the medical reports presented by Claimant, and properly objected to hearsay is not admissible as evidence. As such, we reject Claimant's contention of error."[3] Bd. Op., 8/31/2021,

---

[3] As noted by the Board:

**(Footnote continued on next page…)**

at 7; R.R. at 84a.  To the extent the WCJ referenced Dr. Echard's and Dr. Hogan's respective notes, it was merely to underscore their insufficiency as evidence to support a change in the description of Claimant's work injury.

## V.     Conclusion

For the reasons set forth herein, and in accordance with our standard of review, we determine that the Board properly affirmed the WCJ.  Thus, we affirm the Order of the Board.

_____
STACY WALLACE, Judge

---

Where a claim for compensation involves a disability of fifty-two (52) weeks or less, medical reports are admissible without the need for sworn testimony. *Ruth Fam. Med. Ctr. v. [Workers' Comp. Appeal Bd.] (Steinhouse)*, 718 A.2d 397 (Pa. Cmwlth. 1998).  At the hearing where Claimant's [c]ounsel presented these medical reports for admission, the WCJ sustained [Employer's] hearsay objections as there was potential for a period of disability greater than 52 weeks and Claimant's [c]ounsel did not stipulate otherwise.  Therefore, the WCJ did not admit these exhibits.

Bd. Op, 8/31/2021, at 4 n.4; R.R. at 81a.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Donald Shirey,                    :
                    Petitioner    :
                                  :
        v.                        :   No.  1038 C.D. 2021
                                  :
The Bon Ton Stores, Inc.          :
(Workers' Compensation            :
Appeal Board),                    :
                    Respondent    :


# **O R D E R**


**AND NOW**, this 12th day of April 2022, the August 31, 2021 Order of the Workers' Compensation Appeal Board is **AFFIRMED**.



_____
STACY WALLACE, Judge